ANDRA GULLICKSON v. OTTO GJORUD, PETER OWENS, AND HARRIS GREENBAUM.

[See 82 Mich. 503.]

*Liquor traffic—Action on bond—Pleading—Statutes—Repeal—Liability of sureties.*

1. Objections to a declaration in a suit on a liquor bond to collect a judgment recovered against the principal that it fails to allege the approval of the bond, or that the cause of action on which the judgment was rendered accrued within the life-time of the bond, are technical, and should be raised by demurrer; citing *Jennison v. Haire,* 29 Mich. 210; *Wright v. Treat,* 83 Id. 113.

2. A liquor bond executed prior to the passage of the liquor law of 1887, and covering a period of one year from May 1, 1887, must be held good in so far as it embraces provisions in the new law which were taken from the former act.

3. The fact that the law of 1887 differs from the prior law in requiring that the sureties must be male persons and not office-holders, and must not be sureties upon more than two bonds, and must justify in real estate in the proper county, does not affect the liability upon bonds given under the former law, nor the conditions thereof.

Error to Alpena. (Kelley, J.) Argued November 5, 1891. Decided December 21, 1891.

Debt. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Frank Emerick (F. A. Baker,* of counsel), for appellants, contended:

1. A liquor-dealer's bond is not valid unless approved by the local authorities as required by law; citing *Garrison v. Steele,* 46 Mich. 98; *Brockway v. Petted,* 79 Id. 620, 623; and in declaring on such a bond it is necessary to allege every fact essential to show that it became a binding obligation.

2. Where a declaration fails to show a cause of action, the defendant can raise the point by demurrer, by objecting to the evidence, by a request to charge, by a motion in arrest of judgment, or by writ of error; citing *Pipp v. Reynolds*, 20 Mich. 88.

3. The act of 1887 covers the whole subject of bonds to be given by liquor dealers, and leaves no part of the prior legislation in force for any purpose, except that within the saving clause; citing *Breitung v. Lindauer*, 37 Mich. 217.

4. If there is no particular or substantial change in the re-enacted provisions, the rule is different; citing *Davenport v. Auditor General*, 70 Mich. 192; but here the changes are particular and substantial.

5. The saving clause simply preserves causes of action that had accrued at the time the act took effect. It makes no attempt to save causes of action that accrued after the act took effect and before the first day of May following.

6. The prior act having been repealed, and this cause of action not being within the saving clause, the action is necessarily defeated. The action is wholly statutory, and is not founded in contract. It is in the nature of a penalty. The following cases are in point: *Tivey v. People*, 8 Mich. 128; *Railroad Co. v. Austin*, 21 Id. 390; *Breitung v. Lindauer*, 37 Id. 217, 230.

*Turnbull & Dafoe*, for plaintiff.

GRANT, J. This is an action of debt on a liquor bond executed May 2, 1887, by defendant Gjorud as principal and defendants Owens and Greenbaum as sureties. Plaintiff sued Gjorud for illegally selling liquors to her husband, and recovered judgment, which, on appeal, was affirmed by this Court. 82 Mich. 503. Failing to enforce the judgment against Gjorud, she brought this action, and the court below directed a verdict for the plaintiff.

1. It is urged that the declaration is fatally defective, because it contains no allegation of the approval of the bond by the common council, nor that the cause of action on which the judgment in the principal suit was rendered accrued within the life-time of the bond sued on. Both these objections are technical, and should have been raised by demurrer. Such has been the uniform

ruling of this Court.  *Jennison v. Haire*, 29 Mich, 210;
*Wright v. Treat*, 83 Id. 113.  Besides, the latter point
was not raised in the court below, and the defect, if any,.
is cured after verdict.

2. The bond was given under the act of 1881 (Laws of
1881, p. 350).  The liquor tax law was consolidated and
revised in 1887.  Laws of 1887, p. 445; 3 How. Stat. §
2283c4.  The act of 1887 provided that "all acts or parts
of acts in any wise contravening or inconsistent with any
of the provisions of this act are hereby repealed," preserv-
ing, however, all suits and actions pending, and all.
rights of action accrued, under any existing law.  This
act took effect October 1, 1887.  The act for which
plaintiff recovered judgment in the first suit occurred.
November 27, 1887.  The bond given covered a period
of one year from May 1, 1887.  It is urged on behalf of
defendants that the act of 1887 rendered .nugatory all
bonds, after it took effect, which were executed under
the former act, and that it was the duty of all dealers.
in intoxicating liquors to execute new bonds in com-
pliance with the law.  The bond must be held good in
so far as it embraces provisions in the new act which
were taken from the former act.  An examination of the
bonds provided for in the two acts shows that they are
almost identical in language.  In such cases the provisions
of the old law are not repealed.  *Davenport v. Auditor*
*General*, 70 Mich. 194.  The fact that the new act
differs from the old in requiring that the sureties must
be male persons, must not be office-holders, that they
must not be upon more than two bonds, that they must
justify in real estate, which must be in. the county, has
no bearing upon the question.  These provisions do not
affect in any manner the liability upon the bonds given
under the former law, nor the conditions thereof..
It will be presumed that the Legislature knew that.

liquor dealers had given bonds for one year, and that. they intended the liability to continue in so far as they re-enacted the provisions of the law under which they were given.

Judgment is affirmed.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred.. MCGRATH, J., did not sit.