38   687<br>145   837

MARY J. HOUSTON ET AL. V. JOHN GRAN ET AL.

FILED JANUARY 3, 1894.   NO. 5041.

1. **Damages Resulting from Sale of Liquors:** INSTRUCTIONS. Under the "civil damage act," the fact that minor children are able to support themselves, and had done so prior to the death of the father, is a proper fact for the jury to consider in ascertaining the amount of damages to be allowed; but it is error to instruct the jury that to the extent that a child had in the past supported himself, the law precludes any recovery; the duty to support and the probability of future support, as well as the fact of past support, being elements for consideration.

2. ———: ———. In such an action the fact that the deceased in his lifetime accumulated property which, upon his death, went to the plaintiffs, does not go to mitigate damages, but rather to enhance them, and an instruction from which the jury would infer that such facts go in mitigation of damages is misleading and erroneous.

3. ———: ———: EVIDENCE. The fact that a saloon-keeper, prior to the sales complained of in a civil damage case, had instructed his servants not to sell liquor to the deceased, is inadmissible in evidence as not tending to prove that such sales were not in fact made.

ERROR from the district court of Lancaster county. Tried below before FIELD, J.

The facts are stated in the opinion.

*Lamb, Ricketts & Wilson,* for plaintiffs in error:

The fact that the deceased may have left some estate which contributes to the support of his family, and the fact that some members of his family have the ability and are capable in whole or in part of supporting themselves, will not reduce but rather increase the amount the plaintiffs should recover, and an instruction by the trial court to the contrary is error. (Sec. 15, ch. 50, Comp. Stats.; *Roose v. Perkins,* 9 Neb., 313; *Hackett v. Smelsley,* 77 Ill., 120; *Schneider v. Hosier,* 21 O. St., 112; *Thill v. Polman,* 41 N. W. Rep. [Ia.], 385.)

*G. M. Lambertson, contra,* cited : *Kerkow v. Bauer,* 15 Neb., 150; *Warwick v. Rounds,* 17 Neb., 416.

IRVINE, C.

Mary J. Houston, as widow, and the other plaintiffs in error, as minor children of James H. Houston, deceased, brought this action against John Gran, a saloon-keeper, and the sureties upon his bond, charging the sale of liquor by Gran to Houston, causing intoxication, in consequence of which intoxication Houston wandered upon the tracks of a railroad and was killed. There was a verdict and judgment for the plaintiffs in error for $100. Many errors are assigned, of which we shall notice only two.

· The court gave the following instruction upon the measure of damages:

" If you should find in favor of the plaintiffs in determining the amount of damages, if any you find the plaintiffs entitled to, you are at liberty to consider the habits, health, and the estate of the husband of the plaintiff prior to his

death, and the profits of his labor, if any, and the condition of his family at such time, as elements in deciding what the amount of the injury or damages may have been from the loss of such support; but in no case of this kind can the amount of damages exceed the value of such support, whatever may be the necessities of such family. If you find for the plaintiffs, and that the plaintiffs have lost the means of support to them by the death of the father, in assessing your damages at the actual loss of support to the plaintiffs, if you find the deceased was a strong, healthy man, you can estimate· his expectancy of life upon the Carlisle table, which may have been introduced in evidence before you. This action being brought for loss of means of support which would have been supplied the plaintiffs by the deceased father and husband had he lived, the extent of such loss is to be considered and measured by you by the kind, character, and value of the services of the deceased to plaintiffs in his vocation or business when living; and as to the value of the loss of such means of support to the minor children of the deceased, it will depend in some degree upon the age and ability of the different children to support themselves, bearing in mind that you cannot take into consideration and assess remote, speculative, or exemplary and punitive damages. If you should find from the evidence that any of the children have the ability and are capable of wholly or in part supporting themselves, and did so prior to the death of the father, then as to the amount of such support such child could not recover. If you should find that the deceased left property to the plaintiffs, which wholly or in part goes to their support, then you should take such fact in consideration in determining the amount of damages, if any, the plaintiffs are entitled to."

The last two sentences of this instruction are objectionable. By one of these the jury was told that if any of the children had the ability and were capable of wholly or in part supporting themselves, and did so prior to the death

48

of the father, then as to the amount of such support such child should not recover. This language was too strong. In ascertaining the damages, to-wit, the loss of support, the fact that any of the children did, as a matter of fact, support themselves, or assist in so doing, was a proper fact for the consideration of the jury as tending to show to what extent damage was caused by the death of the father. But the mere fact that a child was able to support himself, and did so, would not exclude all right to recover on behalf of that child. The right to support, and the probability of future support, as well as the fact of past support, were elements for consideration, and the most that could properly be said was that the fact that a child had habitually supported himself was an element to be considered by the jury in ascertaining the damages from the father's death. By the last sentence of the instruction the jury was told that if they should find that the deceased left property to the plaintiffs, which, wholly or in part, went to their support, then they should take such fact in consideration in determining the amount of damages. The plain inference from this language, framed as it was and in the connection it appeared, was that the fact the father and husband left an estate should mitigate damages. The contrary is true. If a man deserts his family, leaving nothing to their support, and has accumulated no property, those facts constitute evidence tending to show that very slight, if any, damage results to the family from his death. If, on the contrary, a man is of industrious and economical habits, of business sagacity, and has in the past supported his family and accumulated property, the natural presumption is that such habits will continue if his life be prolonged, and that the damage to his family by reason of his untimely death is enhanced by those very facts. The estate left to the family would presumably be not less productive in the hands of the husband and father himself had he lived, and its income would inure to the benefit of the fam-

ily as much had he lived as after his death. While this instruction does not directly state a contrary rule, its clear influence upon the jury must have been to lead them to infer that the contrary rule existed.

By the ninth instruction the jury was told that it was proper for them to consider in determining whether or not the defendant Gran, or his employes, did furnish intoxicating liquors, certain evidence tending to show that Gran had directed his servants not to sell intoxicants to the deceased. It is true this language was qualified by the further instruction that Gran was nevertheless responsible for acts performed by his servants, although contrary to his instructions; but we think the court erred in admitting evidence of these instructions and in directing the jury that this evidence should be considered. We do not think the fact that Gran had directed his servants not to sell Houston intoxicants tends at all towards proving the issue in the case, that is, the fact of such sale. Were exemplary damages allowed the evidence might have been material in mitigation of damages; but under our rule of conferring compensation alone Gran was liable for such compensation for his servants' acts, although done against his instructions, and the giving of those instructions does not tend to disprove the fact of the sale.

REVERSED AND REMANDED.