Reath *et al. v.* The State, *ex rel.* Johnson.

---

REATH ET AL. *v.* THE STATE, EX REL. JOHNSON.

[No. 1,966. Filed October 2, 1896.]

INTOXICATING LIQUORS.—*Damages Resulting from Illegal Sale to Minor.—Liability of Bondsmen.*—The liability of the bondsmen of a saloonkeeper for damages resulting from illegal sales of liquor to a minor is not affected by the fact that the sales were made by the bartender and not by the saloonkeeper in person.

SAME.—*Damages Resulting from Illegal Sales to Minor.—Statute Construed.*—Under section 7288, Burns' R. S. 1894, providing that saloonkeepers shall be liable upon their bonds "to any person who shall sustain any injury or damage to his person or property, or means of support, on account of the use of such liquors, so sold," the loss of services of a minor son who contributed by his earnings to the support of his father's family is a damage within the meaning of the statute, although the earnings and income of the father is sufficient to keep the family from becoming dependent.

From the Lawrence Circuit Court. *Affirmed.*

*M. F. Dunn, S. B. Lowe* and *W. H. Martin,* for appellants.

*J. E. Boruff, T. J. Brooks* and *W. F. Brooks,* for appellee.

GAVIN, J.—Appellant Reath was a licensed saloon-keeper. Appellee sued him and his co-appellants upon their bond to recover for the loss of services of his minor son who was killed by other minors while intoxicated by means of liquors sold them by Reath in violation of law, it being averred that the death of the child and the consequent loss of services were caused by such unlawful sales.

The complaint was sufficient to withstand the demurrer. It satisfactorily appears from the various averments that some, at least, of the sales were unlawful.

Our statute, section 7288, Burns' R. S. 1894 (5323, Horner's R. S. 1896), provides that licensed saloon-keepers shall be liable upon their bonds "to any person who shall sustain any injury or damage to his person or property, or means of support on account of the use of such intoxicating liquors, so sold as aforesaid" in violation of the provision of that act.

We have heretofore decided that such liability exists even though the sale may not have been made by the principal defendant in person, but by a clerk or agent authorized to make sales generally and to conduct the business. *Boos* v. *State, ex rel.,* 11 Ind. App. 257. The adjudications in other states are in accord with ours. *George* v. *Gobey,* 128 Mass. 289; *Worley* v. *Spurgeon,* 38 Iowa 465; *Kehrig* v. *Peters,* 41 Mich. 475, 2 N. W. 801; *Keedy* v. *Howe,* 72 Ill. 133; *Commonwealth* v. *Briant,* 142 Mass. 463, 8 N E. 338; *Kreiter* v. *Nichols,* 28 Mich. 496; *Gullickson* v. *Gjorud,*

89 Mich. 8, 50 N. W. 751; Black on Int. Liq., section 298.

The bondsmen are not therefore relieved by the fact that the sale was made by the bartender and not by Reath himself.

The appellant who had a wife and family was earning $45.00 per month and received also $10.00 per month pension. Both before and after the death of the son the father applied his earnings to the support of the family and paid the dues on $900.00 building association mortgage upon the home worth $1,000.00. The boy besides doing work enough for his father to pay for his board, provided his own clothes and contributed about $50.00 per year to the support of the family. His mother says he gave some to her each week and she used it to pay household expenses. Counsel for appellants insist that appellant was not, by the loss of his son, damaged in his "means of support" because after his death he still had an income of $55.00 per month which was sufficient for the support of himself and family; they contend that it must appear that appellant was by the loss of his son's support "reduced to a state of pecuniary dependence."

We pass by the objections made to the manner of the presentation of this question and also pass by the consideration of the question of whether or not appellant would be entitled to recover the value of the son's services under the clause of the statute giving compensation for injury to property, the son being a minor and the father entitled by law to his services. We confine ourselves, as do counsel, to one proposition, that, under such circumstances as we have given, the appellant suffered no injury to his means of support. Counsel refer to and rely upon *Volans v. Owen,* 74 N. Y. 526, which does to some extent perhaps appear to sustain their position. We cannot, however,

agree to their contention. It is evident from a late case that that court does not adopt appellants' construction of this case, for it says: "The injury to the means of support was one of the main grounds of the action, and when the party is deprived of the usual means of maintenance, * * * the action can be maintained." *Mead* v. *Stratton*, 87 N. Y. 493.

Here the law gave to appellant the earnings of the son until he became twenty-one. The father had just as much right to rely upon them as upon his own exertions. These earnings of the son did go into the family fund and either lightened the burden placed upon the father or enabled him the better to support himself and family. The father's capacity to earn money was, of course, liable to be diminished at any time. He had a legal right to rely to some extent upon the future earnings of the son until he should arrive at his majority. They were a means of support upon which he had both a moral and a legal right to depend, and when this means was taken away he was entitled to recover for its loss. "Support" is necessarily a flexible term. The requisite means of support varies largely with different families, and varies often at times with the same families because they are compelled to make the character of the support harmonize with the amount of means available therefor.

There may be material injury to means of support without deprivation of the actual necessaries of life or a reduction to a state of dependence. A man has a right to expect and obtain for himself and family not only the necessaries but the comforts of life. We are certainly not prepared to say, as a matter of law, that where a family has enjoyed an income of $55.00 per month and $50.00 per year in addition thereto, part of it being applied to paying for a home, there

was no loss or deprivation of comfort occasioned by taking away the $50.00.

Under the evidence and the authorities the verdict was right. *Houston* v. *Gran*, 38 Neb. 687, 57 N. W. 403; *Schneider* v. *Hosier*, 21 Ohio St. 98; *Herring* v. *Ervin*, 48 Ill. App. 369; *McMahon* v. *Sankey*, 133 Ill. 636, 24 N. E. 1027; *Thill* v. *Pohlman*, 76 Ia. 638, 41 N. W. 385; *Hackett* v. *Smelsley*, 77 Ill. 109; *Moran* v. *Goodwin*, 130 Mass. 158.

Judgment affirmed.