SARAH YOUNG, APPELLEE, V. R. L. BEVERIDGE ET AL., APPEL-
LANTS.

FILED MARCH 19, 1908.   No. 15,047.

1. **Intoxicating Liquors:** ACTION: MEASURE OF DAMAGES. In an action
by a widow; brought for herself and as next friend for her minor
child, the measure of damages is the present value of the sum
the deceased would probably have contributed to the support of
his wife during the period of their joint expectancy of life and
the amount he probably would have contributed to the support
of the minor child during her dependency, the same being less
than the deceased's expectancy.

2. **APPEAL:** INSTRUCTIONS. Where an instruction is defective only
because it states the rule in general instead of specific terms,
a new trial will not be granted on account thereof, unless it
clearly appears that prejudice resulted.

3. **Evidence:** RES GESTÆ. A statement by defendant, or his servant,
that he had served a certain mild drink to deceased is inadmis-
sible as a part of the *res gestæ*, in an action in damages for the
wrongful killing of deceased by the sale to him of intoxicating
liquors.

4. ———: ADMISSIBILITY. A statement of a witness as to the probable
effect of a drink of liquor consumed by a dealer's patron is
inadmissible in evidence for the purpose of proving the nature
of the liquor, but its admission is not error if it was a part
of a conversation properly admissible in evidence.

5. ———: NONEXPERT EVIDENCE. The ability of a person to perform
manual labor is not a matter so exclusively within the domain
of medical science that witnesses who were acquainted with him
and had opportunity to observe his ability cannot testify with
reference thereto.

6. **Intoxicating Liquors:** ACTION FOR DAMAGES: DEFENSES. In an
action to recover damages growing out of a sale of intoxicating
liquors by the servant of defendant, a licensed liquor-dealer, the
fact that defendant had previously directed his servant not to
sell intoxicants to the person injured is no defense.

APPEAL from the district court for Butler county:
ARTHUR J. EVANS, JUDGE. *Affirmed.*

*L. S. Hastings* and *W. S. McCoy,* for appellants.

*Matt Miller, contra.*

EPPERSON, C.

This action is brought by Sarah Young for herself and as next friend for her daughter Maysie Young against the defendant Beveridge, a liquor-dealer, and his bondsmen to recover for the alleged wrongful killing of plaintiff's husband. On the night of February 21, 1906, plaintiff's husband, it is alleged, drank whiskey, sold or given to him by the defendant in the latter's saloon, from the effects of which the former died soon thereafter. The trial in the district court resulted in a verdict and judgment for $1,500 for plaintiff, and defendants appealed.

Upon the trial evidence was introduced to show the age of the minor child to be 15 years at the time of her father's death, also evidence to show the probable expectancy of the life of the deceased; but no evidence was offered to show the age of plaintiff or her expectancy of life. The rule for the measure of damages was submitted to the jury by instruction No. 5, which is as follows: "The jury are instructed that, if you find for the plaintiff, it will be your duty to find from the evidence such damages as the plaintiff and the minor child have suffered in a pecuniary way by the death of the said Leander H. Young. * * * The extent of such loss is to be considered and measured by the kind, character and value of the support furnished by the deceased to the plaintiff and her minor child while living, in case you find that such deceased did during his lifetime furnish support and maintenance to the plaintiff and such minor child; and, as to the value of the loss of such means of support to said minor child, that would depend upon her age and ability to support herself, bearing in mind that you can only assess damages, if any, to the extent of the actual value of the loss of the means of support to said mother and minor child occasioned by the death of said Leander H. Young. Should you find for the plaintiff, in estimating the damages for loss of support, you must take into consideration the situation of the deceased, his estate, if any, the physical condition and health

of the deceased, his means of earning money and a liveli-
hood, his habits of industry or otherwise, his occupation
and the annual value or product of the same, his age, and
what he would have earned had he lived, and what he
would have contributed to the support of the plaintiff and
her minor child, and also his reasonable expectation of
life, * * * and, taking all things into consideration,
and considering all the evidence on the subject, give such
damages as would reasonably compensate the mother and
her minor child for the loss of means of support they have
sustained, if any, in the death of the said Leander H.
Young, not exceeding the sum of $5,000, the amount
claimed in the petition." This instruction was objected to
for the reason that the plaintiff's right of recovery was
not thereby limited to the joint expectancy of her life and
that of her husband, and, further, that it did not limit
the right of the child to recover for loss of support during
minority. In such cases, the measure of recovery to which
the widow is entitled is the present value of the husband's
support during their joint expectancy of life; and minor
children can recover only for loss of support during their
minority, except in cases of dependent adult children.
*Rouse v. Detroit Electric R. Co.*, 128 Mich. 149; *Carpen-
ter, Adm'r, v. Buffalo, N. Y. & P. R. Co.*, 38 Hun (N. Y.),
116; *Fordyce v. McCants*, 51 Ark. 509, 14 Am. St. Rep. 69.
But the instruction assailed expressly directs that the only
recovery which may be had is for the damage in a pecuni-
ary way which the plaintiff and her minor child have sus-
tained by the loss of the means of support caused by the
death of their husband and father. The language used
states the rule in a general way, and was sufficient to
permit the jury to take into consideration the minority of
the child and the probable expectancy of plaintiff's life, as
they might determine the same from her general appear-
ance, she herself being a witness upon the trial. It should
have been stated more definitely by express language,
positively directing the jury that they must take into con-
sideration the plaintiff's and deceased's joint expectancy

of life, and that the minor child was entitled to recover only for the loss of her support during minority. The instruction, however, was not a misdirection, but was a general statement of the correct rule, when a more specific statement would have been better. It is substantially the same as each of the instructions considered in *Sellars v. Foster*, 27 Neb. 118, and *Houston v. Gran*, 38 Neb. 687. In those cases, however, the limitation of the wife's recovery on account of her own expectancy of life being possibly less than that of her husband was not considered. In *Gran v. Houston*, 45 Neb. 813, it was held that, if such an instruction was erroneous, it was without prejudice, and that, had the defendant desired a more extended or explicit statement upon any portion of the subject therein embraced, it should have been prepared and presented to the court with a request that it be read. Failure to do so precludes error. In the case at bar, failure to give the rule in more specific language does not seem to have been prejudicial to the defendants. The evidence shows that the deceased had been a healthy man, capable of doing the work of a common laborer, and that for two years prior to his death he earned about $400 a year; substantially all of which he handed to his wife to be expended for the support of the family. His expectancy of life according to the Carlisle Table, which was introduced in evidence, was 16.2 years. The child was entitled to support for three years and the plaintiff during her lifetime, unless it exceeded her husband's expectancy. It is apparent that she was entitled to recover substantial damages. Although no evidence was introduced to show the age of plaintiff, or the condition of her health, yet the jury were not precluded from considering her appearance in this regard in determining the probable duration of her life. *City of South Omaha v. Sutliffe*, 72 Neb. 746. Had the deceased survived, he would within a few years have contributed to the support of his family an amount equal to the judgment; and there is nothing in this record indicating that the plaintiff would not probably survive this short period of

time. The verdict is not excessive. It was justified by the case made, and the instruction was not prejudicial.

Upon cross-examination of one of plaintiff's witnesses in reference to one sale of liquor to the deceased on the night of his death, defendant attempted to prove that his bartender, immediately after he served the drink, said to the witness: "I fooled him that time. I gave him a glass of ginger ale." It is contended that this was a part of the *res gestœ*. The statement referred only to one drink taken by deceased. The bartender could not have known at that time of Young's approaching death. It cannot be taken as the spontaneous explanation of the cause of death, or the nature of the liquor consumed.

One of plaintiff's witnesses testified, over objection, that he said to defendant's bartender at the time the latter sold or gave drinks to deceased: "That is enough to kill him." This expressed opinion of the witness standing alone was improper evidence. But it was only a part of a conversation between witness and the bartender, in which the latter said in reference to the liquor drank by deceased that it would not hurt him; that he had given him (at some previous time) a "bolacek" of alcohol, and he lived through it all right, and if he could stand that he could stand all that he drank then, and that he didn't give a damn if deceased died before morning. A "bolacek" is, it seems, a glass larger than those ordinarily used in serving strong drinks. This conversation, we think, was competent evidence for the purpose of showing that intoxicating liquor rather than ginger ale, as sworn to by the bartender, was served to the deceased only a few hours before his death. The expressed opinion of the witness was therefore properly admitted as a part of the conversation. Later the testimony relative to the balance of the conversation was stricken out. This we think was error against the plaintiff. If any of the conversation was stricken, of course all should have been, but defendants' motion did not include this part of the testimony.

Plaintiff was permitted, over objection, to prove by a

nonexpert witness that the deceased was, in the opinion of the witness, able to perform a full day's labor. The witness had worked with the deceased more or less for two years preceding his death. Defendants contend that the evidence was incompetent, because it was but the conclusion of the witness. As we understand the rule, the actual condition of a person's health must be proved by expert witnesses, but that the apparent physical condition of any person, where that fact is an issue, may be established by other witnesses who have had occasion to observe such condition. 17 Cyc. 87, 88. The evidence shows that the deceased had never been seriously ill, and that he had never had occasion to consult a physician. It would be impossible, therefore, to prove his physical condition by expert testimony. And, again, whether the deceased was able to do the work of a common laborer is not a matter so exclusively within the domain of medical science that witnesses who were acquainted with him and had worked with him frequently for a considerable length of time immediately preceding his death could not testify in reference thereto.

Complaint is made because the court refused to permit defendants to prove that the defendant Beveridge had instructed his bartender not to furnish the deceased any intoxicating liquors, or to allow him about the defendant's saloon. The evidence shows that the defendant was not himself present at the time of the alleged sale of liquors. In support of this contention, the defendants cite several criminal cases holding that, to justify a conviction of the master for an illegal sale by a servant, under the penal sections of the liquor law, it must appear that the sale was authorized by the master. But the difference between criminal and civil liability in this regard is apparent. In a criminal case an intent to violate the law must exist before there is any liability, while in a civil case the fact of the sale, and not the intention of the dealer, governs. This question, we think, has been set at rest in *Houston v. Gran*, 38 Neb. 687, and

in *Gran v. Houston,* 45 Neb. 813, wherein it is held: "The fact that a saloon-keeper, prior to the sales complained of in a civil damage case, had instructed his servants not to sell liquor to the deceased, is inadmissible in evidence as not tending to prove that such sales were not in fact made."

There are other assignments which we have considered, but which are unnecessary to review, as we find no error therein, and a discussion of them would be without value.

We have found no prejudicial error in the record, and we recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.