HANNAH EASTWOOD ET AL., APPELLEES, V. JACOB KLAMM ET AL., APPELLANTS.

FILED FEBRUARY 20, 1909. No. 15,538.

1. **New Trial: VERDICT: EVIDENCE.** In an action by a wife and minor children against three retail liquor dealers for loss of support occasioned by the sale of intoxicating liquors to the husband and father of plaintiffs who is an habitual drunkard, where the jury return their verdict in favor of the plaintiffs as against two of such defendants and in favor of the third, that fact alone is not

sufficient to establish the fact that the jury were governed by partiality or prejudice, and affords no ground for setting aside the verdict of the jury if the evidence is sufficient to sustain the verdict as to the two defendants against whom the jury find.

2. **Intoxicating Liquors: Evidence: Review.** And where in such an action the court admits testimony to the effect that when the husband and father was sober he was kind, but when intoxicated he was unkind and quarrelsome, and that during the time the husband was incapacitated from earning a living the wife was compelled to perform menial labor and to accept aid from the county, *held* not error.

3. ———: ———: ———. And in such a case where the evidence shows that the husband, while in a state of intoxication produced by liquors furnished him by defendants, fell and broke a leg, it is not error to permit the plaintiffs to testify that by reason of such injury the husband "is not able to work like he did before he received such injury."

Appeal from the district court for Lancaster county: Lincoln Frost, Judge. *Affirmed.*

*Strode & Strode,* for appellants.

*John M. Stewart* and *George A. Adams, contra.*

Fawcett, J.

This is an action for damages by Hannah Eastwood for herself and as next friend for her three minor children against Jacob Klamm, John V. Helm and one William Splain, who were retail liquor dealers in the city of Lincoln, and the American Bonding Company as their bondsmen. The action was brought under the provisions of chapter 50, Comp. St. 1907. The petition alleges substantially that prior to 1902 John Eastwood, the husband of Hannah and father of the other plaintiffs, was an able-bodied man and skilled mechanic, and gave his family, who were entirely dependent upon him, a comfortable support; that during the time from 1902 to 1904 he became addicted to the immoderate use of intoxicating liquors, which was contributed to by the defendants; that by reason thereof his ability to earn a living became

greatly impaired; that the moneys which he had previously accumulated to the amount of about $600 had been dissipated and his income squandered; that finally on February 14, 1904, while in a state of intoxication, contributed to by the defendants, the said Eastwood fell and fractured his leg, and received injuries from which he was compelled to remain in bed for nine weeks and was confined in the house for six months, during which time he was totally unable to work or earn a living or contribute anything to the support of the family; that such injuries to his leg have caused him to become a permanent cripple, and thereby has permanently impaired his ability to support his wife and children; that by reason thereof plaintiff Hannah Eastwood has been compelled to go out and perform menial labor to support herself and their said minor children; and that the defendant American Bonding Company is the surety upon the bonds of the other defendants as retail liquor dealers. The first three defendants admit the business in which they are engaged, the giving of the bond, and deny all of the other allegations in plaintiffs' petition. The answer of the bonding company admits the giving of the bonds, and denies all of the other allegations. There was a trial to the court and a jury, which resulted in a verdict in favor of the plaintiffs against all of the defendants, excepting defendant William Splain, and from a judgment on such verdict this appeal is prosecuted.

In their brief defendants present two assignments only: "(1) The court erred in finding against the defendants Jacob Klamm and John V. Helm and the surety on their bonds and in favor of the defendant William Splain. (2) The court erred in admitting evidence that was incompetent, immaterial and irrelevant over the objection the defendants."

In support of the first assignment, they set out a portion of the testimony given by John Eastwood and his son Richard as to the purchase of liquors at the saloon of defendant Splain on the night when John Eastwood

received the injury above referred to, and then state that it was upon the testimony of the same two witnesses that the jury found against defendants Klamm and Helm. Counsel then argue that, if the jury believed that the testimony of these two witnesses relating to the purchase of intoxicating liquors at Splain's saloon was unworthy of belief, then there is no reason why they should have credited that testimony and based a finding thereon against the defendants Klamm and Helm, and that the fact that the jury so found establishes the fact that the jury were governed by partiality and prejudice, and that for this reason the verdict ought to be set aside and a new trial granted. This is the only argument presented in support of the first assignment. There are at least two reasons why the argument is not sound: First, conceding that the testimony of these two witnesses was the same as to each of the three defendants, still the fact that the jury may have released the defendant Splain would afford no reason for vacating their verdict as to the other two defendants if the evidence was sufficient to sustain the verdict as to them; second, the evidence of Eastwood and his son showed that, when the liquor was sold in Klamm's saloon, Mr. Klamm and his son and bartender were all present, and all three took part in the sale of the liquor to Eastwood. Their testimony further shows that at Helm's saloon Helm was present and participated in the sale of the liquors. As to Splain, their testimony was different. The son testifies that, while he was in Splain's saloon with his father, neither Splain nor his son was present; that the liquors were sold to them by the bartender only; and Mr. Eastwood himself is not certain that Splain was present. He testifies that he thinks he was there. Splain's testimony shows that he was not there. The jury may have been influenced by this testimony in finding in favor of defendant Splain and against the other defendants.

In support of the second assignment, defendants argue that the court erred in permitting Mrs. Alice Server, a

daughter of the plaintiff, to testify that when her father was not drinking he was kind, but that when he was intoxicated he was quarrelsome, and in permitting Mrs. Dorothea Barker, another daughter, to testify that when the father was drinking he was cross and cranky; that the court also erred in permitting the plaintiff Hannah Eastwood to testify that during the time her husband was laid up she had to call on the county for help, and also in permitting her to testify that "he is not able to work now like he did before he got his leg broke." The admission of this testimony was not error. *Brockway v. Patterson,* 72 Mich. 122; *Buck v. Maddock,* 167 Ill. 219; 1 Joyce, Damages, sec. 568; *Fox v. Wunderlich,* 64 Ia. 187; *Jockers v. Borgman,* 29 Kan. 109; *Young v. Beveridge,* 81 Neb. 180.

Defendants make no complaint of the instructions given by the court or the amount of plaintiffs' recovery. The case seems to have been fairly tried and properly submitted to the jury. Perceiving no error in the record, the judgment of the district court is

AFFIRMED.