[Civ. No. 22269.    Second Dist., Div. Two.    Dec. 16, 1957.]

INA SCHONCITE BARLIN, Respondent, v. BENJAMIN BARLIN, Appellant.

INA SCHONCITE BARLIN, Respondent, v. ROYAL INDEMNITY COMPANY (a Corporation), Appellant.

Jerome Weber, David Hoffman and Robert G. Beverly for Appellants.

Bertram S. Harris for Respondent.

RICHARDS, J. pro tem.*—Defendant Benjamin Barlin appeals from a judgment after verdict in favor of the plaintiff in an action for damages arising out of a malicious attachment in a prior action and defendant Royal Indemnity Company appeals from a judgment after verdict in favor of plaintiff in an action on an attachment bond issued by it in said prior action. The judgment upon the verdict against defendant Benjamin Barlin was for $5,102.70 compensatory damages and $17,000 punitive damages, however, on motion for a new trial, plaintiff agreed to a remission of $7,000 of the punitive damages. The judgment against defendant Royal Indemnity Company was for $8,250, the full penal sum of the attachment bond. The actions were consolidated for trial and, by stipulation, consolidated for appeal.

Appellants' opening brief expressly disavows any, attack on the implied findings of the jury to the effect that the attach-

---

*Assigned by Chairman of Judicial Council.

ment in the prior action which was the basis of the present litigation was wrongful and instituted without probable cause thereby inferentially conceding that respondent was entitled to a judgment for damages. In seeking a reversal, appellants limit themselves to three grounds: (1) misconduct of respondent's counsel which deprived appellants of a fair trial; (2) error in jury instructions relating to the issue of the allowance of attorney's fees as damages; and (3) insufficiency of the evidence to support an allowance of attorney's fees as an item of damages.

During the direct examination of respondent, she volunteered a remark that she had received notice of Mr. Barlin's conviction for shooting at a former wife. Her testimony was stricken on appellants' motion and shortly thereafter respondent's counsel asked her if she had conversed with any person "with reference to Mr. Barlin's conduct toward one of his former wives." She replied in the affirmative and was then asked to relate what she had been told. No objection was made to the question and in answer thereto she repeated in substance her previous voluntary statement. Upon objection by appellants' counsel the court promptly admonished the jury to disregard the statement made by her as to Mr. Barlin's conduct or conviction as "completely as though you never had heard of it." Appellants assign the foregoing interrogation of the witness by respondent's counsel as prejudicial misconduct. It does not appear that at any other time during the trial of the action which lasted approximately eight days, there was any further attempt by respondent's counsel to elicit the same testimony, nor does it appear that he made any attempt to allude to the statement in his argument to the jury. As a general rule, error arising from misconduct in the interrogation of witnesses before a jury is deemed to be cured by a prompt instruction to the jury to disregard such matters. (*White* v. *Red Mountain Fruit Co.*, 186 Cal. 335, 343 [199 P. 318]; *Miller* v. *Lee*, 66 Cal.App.2d 778, 785-786 [153 P.2d 190]; *Winchell* v. *Lorenzen*, 123 Cal.App.2d 704, 711 [267 P.2d 398].) It is only when the conduct consists of a wilful or persistent effort to place before the jury clearly incompetent evidence that prejudicial error is created. This rule is enunciated in the cases relied upon by appellant, such as *Keena* v. *United Railroads*, 197 Cal. 148 [239 P. 1061]; *Gee* v. *Fong Poy*, 88 Cal.App. 627 [264 P. 564]; *Boyd* v. *Theetgee*, 78 Cal.App.2d 346 [177 P.2d 637]. The difference between an isolated and nonrepetitive instance of erroneous

conduct and the cumulative effect of repeated and recurrent error is pointed out in *Keena* v. *United Railroads, supra,* page 159. "It will be observed that the misconduct consisted not in a single utterance of the charge, but rather embraced iteration and reiteration thereof, and included hints, suggestions, and insinuations to such an extent that by no possibility could the meaning of counsel have been misinterpreted or misunderstood by the members of the jury." ▮ Not only did the court act promptly to correct the impropriety and remove any effect it might otherwise have had by directing the jury to disregard the objectionable answer but the claimed error was fully argued as a ground for new trial. In *Drotleff* v. *Renshaw,* 34 Cal.2d 176, at page 181 [208 P.2d 969], it is said: "Moreover, the alleged consequences of the cited reference were fully but unavailingly argued before the trial court as a ground for a new trial. There appears to be no reason to disturb the trial court's conclusion on this point in negation of defendants' charge of prejudicial misconduct. [Citations.]" We conclude that this claim of prejudicial error is without merit.

▮ The second charge of prejudicial misconduct which appellants contend constitutes reversible error relates to the argument of respondent's counsel to the jury. It cannot be gainsaid that the derogatory remarks of respondent's counsel attacking the character of Mr. Barlin and the remarks concerning the trial tactics and veracity of appellants' counsel were intemperate, indecorous and undignified. The observation in *Gist* v. *French,* 136 Cal.App.2d 247, at page 264 [288 P.2d 1003], is particularly apropos: "It is unfortunate that a lawsuit, sounding in tort, could not be tried before a jury without resort to opprobrious epithets and accusations of crime. Zeal of contest should not be considered as excuse for such language. Lawyers know that the merits of a cause should not be adjudicated on the basis of which advocate can, with impunity, make the most vicious attack on his adversary. There is room enough for the display of eloquence, imagination and phraseology in a contest such as that under consideration that would not divert the attention of the jurors from the issues to persons."

However, not once did appellants object to any of the challenged remarks of respondent's counsel nor did they make any assignments of misconduct based thereon and it is therefore too late to raise the point on appeal. In *State Rubbish etc. Assn.* v. *Siliznoff,* 38 Cal.2d 330 [240 P.2d 282], it is said at

page 340: "Plaintiff contends that counsel for defendant was guilty of prejudicial misconduct by making an inflammatory closing argument to the jury. No objections or assignments of misconduct were made at the trial, and the court was not asked to instruct the jury to disregard the challenged remarks. It is therefore too late to raise the points on appeal [citations]." *Cope* v. *Davison*, 30 Cal.2d 193, 202-203 [180 P.2d 873, 171 A.L.R. 667]: "The record in the present case shows no assignment of misconduct and the trial court was not asked to instruct the jury to disregard the challenged remarks. The point may not, therefore, be considered upon appeal." *Aydlott* v. *Key System Transit Co.*, 104 Cal.App. 621, 628 [286 P. 456]: "The remarks in question were not assigned as misconduct at the time they were made, nor was the court requested to instruct the jury to disregard any of them. As the effect of misconduct can ordinarily be removed by an instruction to the jury to disregard it, it is generally essential, in order that such act be reviewed on appeal, that it shall first be called to the attention of the trial court at the time, to give the court an opportunity to so act in the premises, if possible, as to correct the error and avoid a mistrial. Where the action of the court is not thus invoked, the alleged misconduct will not be considered on appeal, if an admonition to the jury would have removed the effect. It is only the most extreme case where an instruction to the jury, if given, would not remove the effect of improper remarks. [Citations.]" It is well established that "A party may not be permitted to remain quiet and take the chance of a favorable verdict, and then, if the verdict is unfavorable, raise the objection [of misconduct] on appeal." (*Aydlott* v. *Key System Transit Co.*, supra, p. 628.) See also *Gist* v. *French*, supra, page 265; *Risley* v. *Lenwell*, 129 Cal.App.2d 608, 659 [277 P.2d 897]. The asserted misconduct was urged by appellants on their motion for a new trial and it appears that the court stated in ruling on the motion that it appeared that respondent was entitled to punitive damages, however, it further appeared that the jury was inflamed by respondent's argument which resulted in an excessive verdict for punitive damages. The court granted the motion for new trial unless the respondent agreed to remit a portion of the verdict as previously stated. The court was in a better position than we are to evaluate the effect of the challenged remarks of respondent's counsel and we are not disposed to disagree with the determination of the trial court thereon. As stated in

*Cope* v. *Davison, supra,* at page 203 : ''[T]hese matters were presented to the trial court in support of the motion for a new trial. The motion was denied. A trial judge is in a better position than an appellate court to determine whether a verdict resulted wholly, or in part, from the asserted misconduct of counsel and his conclusion in the matter will not be disturbed unless, under all the circumstances, it is plainly wrong. [Citations.]'' See also *Aydlott* v. *Key System Transit Co., supra,* pages 628-629. Moreover, it appears in this case that the appellants' counsel in his own argument to the jury was hardly less fervid in his vituperation of opposing counsel. As was said in *Smith* v. *Schwartz,* 35 Cal. App.2d 659 at 668 [96 P.2d 816] : ''In the trial of this case there were more occasions than usual where intemperate language was used and that is not to be encouraged or condoned, but each side indulged in it. Under the circumstances of this particular case it would be extremely unfair to reverse a judgment on this ground where counsel now complaining was himself subject to the same criticism which he now directs at his adversary.'' We have examined with care the numerous cases cited by appellants on this point as examples of reversible misconduct occurring in the course of argument to the jury and find that in each case objections to such conduct were made; the challenged remarks were assigned as misconduct or that opposing counsel was prevented by the court from making such objection or assignment. We conclude for the reasons stated that no reversible error has been shown in this appeal in respect to the claim of prejudicial misconduct of respondent's counsel depriving appellants of a fair trial.

Appellants' third and final charge of misconduct is directed to certain asserted appeals to sympathy in respondent's argument to the jury. Appellants cite as examples such remarks as ''the woman was a widow''; ''she had a child''; ''a little bit of woman, a timid woman''; ''a woman about to cave in on the stand''; and, ''this little woman.'' Appellants made no objection during the trial to any of the foregoing statements and for the reasons above stated are precluded from raising them on appeal. See *Davis* v. *Franson,* 141 Cal.App.2d 263, 272-273 [296 P.2d 600]. An examination of the authorities cited in support of this contention again discloses that in each case objections or assignments of misconduct were made at the trial.

Appellants' next contention of prejudicial error is

directed to the giving of two instructions to the jury on the issue of the recoverability of attorney's fees expended or incurred by the respondent in the prior attachment suit as an element of damages in the present action for malicious attachment. Appellants concede that, under the rule laid down in *Reachi* v. *National Auto. & Cas. Ins. Co.*, 37 Cal.2d 808 [236 P.2d 151], where the writ of attachment is regular on its face and the wrongfulness of the levy can only be shown in a trial on the merits, reasonable attorney's fees expended or incurred are an item of recoverable expense in a subsequent action for malicious attachment. Appellants contend, however, that the giving of an instruction to the jury on that issue in the present action was reversible error for the reason that the respondent failed to prove the reasonable value of the services of her attorneys in defending the attachment suit. One of the instructions of which appellants complain on this issue was given at appellants' request. Under the doctrine of "invited error" they cannot successfully take advantage of error, if any, committed by the court in instructing the jury on the issue of attorney's fees. (*Lynch* v. *Birdwell*, 44 Cal.2d 839, 846 [285 P.2d 919]; *Jentick* v. *Pacific Gas & Elec. Co.*, 18 Cal.2d 117, 121 [114 P.2d 343]; 4 Cal.Jur.2d, pp. 423-424.) Nor are appellants in any position to claim that it was error to give the instructions offered by respondent on the same issue. "It is well settled law that where a litigant invites error by offering instructions on a certain issue, he is in no legal position to complain that it was error to give instructions offered by the adversary, or given by the court on its own motion, on the same issue. The doctrine of invited error applies to such a situation. [Citations.]" (*Fuentes* v. *Panella*, 120 Cal.App.2d 175, 182 [260 P.2d 853].) ▪ Additionally, proof of the reasonable value of legal services by expert testimony, while admissible, is not indispensable in establishing the value thereof. The respondent testified as to the amount of attorney's fees which she had paid in defense of the attachment action which the jury could accept or reject as evidence of the reasonable value of such services and consequently it was not error to submit the issue to the jury. *Mitchell* v. *Towne*, 31 Cal.App.2d 259, 266 [87 P.2d 908]: "It is contended by appellant that there is no evidence of the reasonable value of the services rendered by Wheeler, and, therefore, the judgment must be reversed. In so arguing appellant assumes that expert testimony is essential to establish the reasonable value of an attorney's services. This assump-

tion is not justified. While expert testimony is admissible, it is neither essential nor conclusive, and the court or jury may disregard it entirely. [Citations.] In the instant case the nature and extent of the services were in evidence. Moreover, the testimony of the witness Shea shows that the parties agreed to a fee equal to the sum of the executor's fees plus a bequest of $2,000. The fee agreed upon by the parties is some evidence of the reasonable value of the services, and the jury could accept this evidence.''

■ The previous litigation between the parties which led to the present action against Mr. Barlin consisted of a divorce action consolidated for trial with a civil action filed by Mr. Barlin against Mrs. Barlin based on two counts, each to recover a balance due on two separate alleged loans. The writ of attachment, the wrongful levy of which is involved in the present action against appellants, was procured and levied as to the second count only of the previous civil action. In addition thereto in the previous action the respondent herein filed certain counterclaims. Appellants offered an instruction in the instant matter to the effect that in arriving at a verdict, if it was found that respondent was entitled to damages for attorney's fees, only the services rendered with regard to the discharge of the attachment in the prior action should be considered and not services rendered with regard to the divorce suit or the count upon which no attachment was levied or the respondent's counterclaims in the previous action. The court modified the proffered instruction by striking out the reference to the nonattachment count and the counterclaims. Appellants now contend that by reason of such modification, the jury "could well infer" that all legal services performed in the prior civil action could be considered in determining an award of attorney's fees as an item of damages. Appellants do not contend that the instruction as given in and of itself was erroneous but that appellants were entitled to have the jury instructed as to the matters which the court struck out from the proffered instruction. However, the matter of the exclusion of consideration of services other than rendered in discharging the attachment as a recoverable item of damages is amply covered by the same instruction to which the objection is made which specifically limits the jury consideration of attorney's fees "to the discharge of the attachment alone.'' Another instruction offered by the appellants and given by the court, specifically referred to the reasonable value of legal services "necessarily rendered, relating to, incident to, con-

nected with, a part of and reasonably necessary in connection with the proceedings designed to obtain the dissolution of the attachment and *only rendered for that purpose*." (Emphasis added.) Still another instruction offered by the appellants and given by the court reads as follows: "If you find from the evidence that certain of the professional services allegedly rendered by counsel for plaintiff and claimed by plaintiff as services relating to the dissolution of the attachment were actually rendered either wholly or in part for the purpose of attempting to secure an advantage to defendant, Mrs. Barlin, in said action other than the dissolution of the attachment, you may not allow for that portion of said services but can only allow for services rendered in respect to the dissolution of the attachment." We find no error in the challenged instruction as given and the other instructions given clearly limited the jury to a consideration of the attorney's services rendered in the discharge of the attachment.

Judgments affirmed.

Fox, Acting P. J., concurred.