[Civ. No. 23000.   Second Dist., Div. Three.   Dec. 4, 1958.]

CLAUDE S. GRASGREEN, Appellant, v. ACME AUTO PARKS (a Partnership) et al., Respondents.

William Jerome Pollack for Appellant.

Veatch, Thomas & Carlson and Henry F. Walker for Respondents.

NOURSE, J. pro tem.*—Plaintiff appeals from a judgment entered in favor of defendants on the verdict of the jury.

The facts in this case, as disclosed by the evidence, are: The defendant, Acme Auto Parks, operates an automobile parking lot on South Spring Street in the city of Los Angeles. The defendant Thomas is an employee of Acme. The entrance to the parking lot in question is on the east side of Spring Street. It is bordered on the east and south by an office building. The parking area is approximately 54 feet in width north to south and approximately 100 feet in depth. On the north side there are eight parking stalls divided by painted lines and between the fourth and fifth stalls is a small building in which is situated the time clock in front of which customers may wait for their cars. On the south side there are 13 stalls, each of which accommodates two automobiles. Between the north and south stalls are two driveways, the southerly one being marked for incoming cars and the northerly for outgoing cars. At the easterly end of the driveways and overlapping the northerly stalls but approximately 16½ feet easterly of the most easterly of the north stalls are four stalls each accommodating a car and each being approximately 16 feet in depth.

The plaintiff entered the parking lot from Spring Street by the outbound or northerly lane and proceeded to a position to the south of the clock shack and northerly of the outbound driveway. At that point he was facing toward the east and while standing either at that position or in a position within the boundaries of the parking stall immediately east of the clock shack he saw an automobile start to back towards the west from the easterly end of the inbound driveway. The rear of this car was then approximately 32 feet from the southeasterly corner of the unmarked waiting zone in front of the clock shack.

The defendant Thomas had driven this automobile to the easterly end of the parking lot in order to enable another customer's car to be driven from one of the stalls and this car was then in control of another employee and in the space between the easterly stall and the most easterly of the northerly stalls. Before starting to back, Thomas looked in

*Assigned by Chairman of Judicial Council.

his rear view mirror and saw no one standing in the driveways or the stall in which he intended to back the car. He then opened the left door of the car and looking back along the left-hand side of the car proceeded to back in a westerly direction at a speed of 8 to 10 miles an hour and as he approached the stall immediately adjacent to the east side of the clock shack he turned the car so as to enter that stall. In looking back he saw no one standing in his path but as he turned his car his vision was obscured to the right rear of the back of the car he was backing. As his car entered the stall the plaintiff, while standing in the stall and outside the waiting zone was struck by the right rear end of the car. On hearing the impact, Thomas brought the automobile to an immediate stop and found plaintiff lying in the stall to the rear of the car.

The facts we have stated are supported by substantial evidence and clearly presented questions of fact for determination by the jury as to whether the defendant Thomas exercised ordinary care and as to whether the plaintiff exercised ordinary care.

It was for the jury to determine as a question of fact whether Thomas, in first looking through the rear view mirror and then out of the left-hand side of the car, was fulfilling the duty he owed the plaintiff to exercise ordinary care in backing the car. From the facts we have stated the jury could have inferred that the plaintiff stepped from a point of safety in front of the clock shack into the path of the backing car and that he failed to exercise ordinary care in so doing. Or, they could have inferred that he stepped into the stall not realizing the intent of the driver to enter that stall and that his failure to appreciate his danger and to keep out of the path of the car did not constitute a failure on his part to exercise ordinary care. In other words, the evidence was such that the jury could have determined that the accident occurred without negligence on the part of either plaintiff or Thomas; or could have found either that plaintiff was negligent and Thomas was not or that both parties were negligent. Any of the suggested findings supports the verdict.

■ Plaintiff asserts that the court erred in instructing the jury on the issue of contributory negligence which was tendered by the pleadings. There is no merit in this contention. In the first place, there was evidence from which the jury could have determined, as a matter of fact, that the plain-

tiff failed to exercise ordinary care for his own protection. In the second place, at the trial, plaintiff conceded that contributory negligence was in issue and requested instructions upon that issue thus inviting the instructions which he now claims constitute error. He cannot complain of error that he invited. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 657 [320 P.2d 500] ; *Jentick* v. *Pacific Gas & Elec. Co.*, 18 Cal.2d 117 [114 P.2d 343] ; *Shiya* v. *Reviea*, 122 Cal.App.2d 155 [264 P.2d 190] ; *Barlin* v. *Barlin*, 156 Cal.App.2d 143, 149 [319 P.2d 87].)[1]

In addition to instructing the jury fully upon negligence, contributory negligence, proximate cause and the burden of proof, the court at defendants' request gave the following instruction, the giving of which plaintiff assigns as prejudicial error :

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence.

"No one may be held liable for injury resulting from an unavoidable accident.

*"Bear in mind, however, that if the defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained.*

"Whether or not the accident in question in this case was unavoidable is, of course, a question of fact for you to determine; and in giving the foregoing instruction I do not imply any opinion or suggestion as to what your finding should be." (Italics ours.)

This case was tried at the time when the bench and bar of this state believed the law to be that it was not error to give the instruction complained of here, it having been so decided by the Supreme Court in *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823].

But, after the rendition of the judgment appealed from here, the Supreme Court in *Butigan* v. *Yellow Cab Co., supra,* reconsidered this question and held that it was error to give such an instruction inasmuch as it was apt to lead the jury

---

[1]The plaintiff requested BAJI Instructions 103 and 103-C, each of which deals with the issue of contributory negligence.

into believing that unavoidability "constitutes a separate ground of nonliability of the defendant" and thus might mislead them as to the proper manner of determining liability; "that is, solely on the basis of negligence and proximate causation." (*Butigan* v. *Yellow Cab Co., supra,* 49 Cal.2d 652, 660.)

The instruction given here is the same instruction that was held erroneous in *Butigan* v. *Yellow Cab Co., supra,* and the giving of it here must be held to be error.

The only question remaining is: Was the giving of this instruction prejudicial? That is to say, can this court, after an examination of the entire cause, say that it is reasonably probable that a result more favorable to the plaintiff would have been reached in the absence of this instruction? (Cal. Const., art. VI, § 4½; *Vaughn* v. *Jonas,* 31 Cal.2d 586 [191 P.2d 432].) ■ Prejudice is not presumed and the burden is upon the plaintiff (appellant) to demonstrate prejudice. (*Vaughn* v. *Jonas, supra,* at p. 601.)

■ An examination of the entire record does not convince us that the giving of the instruction in question misled the jury in the present case and resulted in prejudice to the plaintiff. As we have pointed out, the evidence was such as to justify the jury in finding that defendant Thomas exercised ordinary care and that the plaintiff failed to exercise such care for his own protection. They were also further fully justified in disregarding the plaintiff's testimony as to the manner in which the accident occurred by reason of his very evident attempt to mislead the jury as to his loss of earnings by false testimony in that regard; and his conflicting versions as to the manner in which the accident occurred.

Further, the jury having been fully instructed as to negligence, contributory negligence, ordinary care, burden of proof and other related matters and the complained of instruction having explicitly told the jury that the accident was not unavoidable (see italicized portion of the instruction as above quoted) if the defendant was negligent, we cannot believe that the jury was misled under the facts here into believing that they were not required to determine whether or not the defendant was negligent and whether his negligence was a proximate cause of the accident but might reach a verdict regardless of that issue.

Plaintiff has not demonstrated a prejudice to him by the instruction in question and it would be a violation of section

4½ of article VI of the Constitution of this state to reverse the judgment.

The judgment is affirmed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.

A petition for a rehearing was denied December 31, 1958, and appellant's petition for a hearing by the Supreme Court was denied January 28, 1959. Carter, J., was of the opinion that the petition should be granted.