[Civ. No. 24485.    Second Dist., Div. Three.    Nov. 4, 1960.]

CHARLES BAKER, Respondent, v. JOHN W. STANG CORPORATION (a Corporation) et al., Appellants.

James V. Brewer and Marvin P. Carlock for Appellants.

Benjamin B. Salvaty, Jr., for Respondent.

SHINN, P. J.—By verdict and judgment plaintiff Charles Baker recovered from John W. Stang Corporation and George Schuerer damages for personal injuries; defendants appeal. The sole ground of appeal is that the court refused

to give instructions on contributory negligence which the defendants requested. There was, in our opinion, no error.

The accident happened in the pipe yard of Stang Corporation. Plaintiff was standing beside a trailer, hitched to a tractor, which he had driven into the Stang yard to be loaded with 16-foot pipe. As he was tightening chains to secure the loaded pipe defendant Schuerer, Stang's employee, backed a motor-driven fork lift onto plaintiff's right foot, which was fractured. The contention on appeal is that there was evidence which would have warranted the jury in finding that plaintiff was guilty of negligence which contributed proximately to the accident. A recital of the material evidence will disclose that plaintiff was not negligent.

Plaintiff backed his equipment some 57 feet in length into the yard. To the east of where it stood there were 10 or 15 feet of open space. Pipe was racked up to the east, west and north. Schuerer had brought up numerous loads of 16-foot pipe, which was placed on the truck with the fork lift and arranged by plaintiff, assisted by a young man, an employe of Stang. A sufficient quantity of pipe having been placed on the rear portion of the trailer plaintiff came down and undertook to fasten the pipe securely with chains taken from a box on the trailer. He threw one chain across the load about 3 feet from one end of the pipe and another chain close to the other end. One end being hooked onto the bed, it was necessary to tighten the chain and fasten it at the other end. In order to get leverage to close the jaws of a clamp which would tighten the chain and hold it, use was made of a 3-foot section of pipe called a snipe to force together the jaws of the clamp. Plaintiff asked Stang's employe to help him. The young man stood close to the trailer, plaintiff alongside of him, and both applied force to the snipe. Plaintiff was facing toward the trailer in this operation when he was struck by the fork lift which was backing up. The left rear wheel ran over his right foot. The fork lift was unloaded. It was about 10 feet in length. The driver's seat is located directly above the gas engine; the driver can see in all directions. As he approached Schuerer saw plaintiff standing beside the trailer, fastening down the chain. He gave no warning. The fork lift was moving at less than walking speed. When plaintiff exclaimed as he was struck, the fork lift was stopped.

Appellants argue that since plaintiff knew the fork lift was in operation he should have been looking for it, and if he was not looking for it he should have been listening for

it and should have heard it, as it approached; having failed to do either he was guilty of negligence. We think a finding of negligence in the conduct of plaintiff would have been as unreasonable as it would have been unjust. The accident was due to the fault of Schuerer alone. Plaintiff was engaged in a necessary operation which required his undivided attention. He was standing still at the time. He was not expecting another load of pipe. If he had had his mind on the fork lift at the time he would not have been expecting it to be backing up. He was standing perhaps 3 feet from the trailer and knew he was in plain sight of Schuerer. If he had heard the motor of the fork lift he would have had no reason to fear that he was in the path of it. The fork lift was approaching from an angle and had come from a considerable distance. Plaintiff was in no danger until Schuerer, having seen plaintiff standing beside the trailer, through some miscalculation, failed to stop the fork lift or alter its course. Plaintiff had no reason to suspect any such negligent conduct upon Schuerer's part. Defendants' authorities are not at all in point. There is no resemblance between the conduct of plaintiff and that of the plaintiffs in *Hope* v. *Arrowhead & Puritas Waters, Inc.,* 174 Cal.App.2d 222 [344 P.2d 428] or *Grasgreen* v. *Acme Auto Parks,* 165 Cal.App.2d 680 [332 P.2d 337], where contributory negligence was an issue. Rather the facts more nearly resemble those of *Flynn* v. *Grand Central Public Market,* 176 Cal.App.2d 243 [1 Cal.Rptr. 237], where plaintiff was standing still attending to her shopping when she was struck by the defendants' cart.

It would have been error to submit to the jury the question of contributory negligence. There is no merit in the appeal. (*Evarts* v. *Santa Barbara etc. Ry. Co.,* 3 Cal.App. 712, 716 [86 P. 830].)

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.