[Civ. No. 9104.    Fourth Dist., Div. One.    Oct. 24, 1968.]

GEORGE M. CARTER et al., Plaintiffs and Appellants, v. AGRICULTURAL INSURANCE COMPANY, Defendant and Appellant.

Jones & Daniels and Robert E. Jones for Defendant and Appellant.

Milo E. Shadle for Plaintiffs and Appellants.

BROWN (Gerald), P. J.—Defendant Agricultural Insurance Company, surety on an attachment bond issued on behalf of co-defendants C. N. Palmer, Jr., and Betty Ann Palmer, appeals a judgment finding the Palmers had wrongfully and

maliciously attached assets of plaintiffs George M. Carter and Lorraine D. Carter, and holding the surety, as well as the Palmers, liable to the Carters for both compensatory and punitive damages. The Carters also appeal claiming an inadequate award of damages by the court. The Palmers have not appealed.

▮ The Carters' appeal deserves no consideration as inadequacy of damages may not be raised for the first time on appeal, but must first be presented to the lower court on a motion for new trial (*Jenkins* v. *Dahnert,* 202 Cal.App.2d 567, 568 [21 Cal.Rptr. 15] ; *Schmidt* v. *Macco Constr. Co.,* 119 Cal.App.2d 717, 721 [260 P.2d 230] ). No motion for new trial was made in this case.

▮ The surety's appeal presents one issue: whether a surety under Code of Civil Procedure, section 539 may be held to respond for punitive damages awarded for malicious attachment by the attaching party.

Finding the Palmers' attachment of the Carters' assets to have been malicious as well as wrongful, the trial court awarded compensatory damages of $637.14 and punitive damages of $4,500 against both the Palmers and their surety. The face amount of the attachment bond is $24,500. There is no contention the findings of wrongfulness and malice lack support in the evidence. There is no contention the surety maliciously participated in procuring issuance of the attachment.

The attachment bond here was issued under Code of Civil Procedure, section 1041, to cover the statutory obligations set forth in Code of Civil Procedure, section 539. The extent of the surety's liability is limited by section 539. (*Klinell* v. *Shirey,* 223 Cal.App.2d 239, 245 [35 Cal.Rptr. 901].) That section requires a written undertaking by an attaching plaintiff that if the defendant recovers judgment, the plaintiff will pay all costs awarded to defendant ''and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking.''

Whether Code of Civil Procedure, section 539 obligates a surety to respond for punitive or exemplary damages awarded against the attaching plaintiff had not been ruled upon directly by the courts of this state. In *Barlin* v. *Barlin,* 156 Cal.App.2d 143 [319 P.2d 87], an award of damages, including exemplary damages, against an attachment bond surety was affirmed. The court did not discuss whether the surety was obligated under section 539 for such damages. The briefs filed in *Barlin,* did not raise the question. *Klinell* v. *Shirey,*

*supra,* 223 Cal.App.2d 239, 245, states: "The surety may even be liable for punitive damages," citing *Barlin.* The statement was not necessary to the court's decision and must be viewed as dictum.

Foreign jurisdiction authorities split on whether punitive damages are recoverable in an action on an attachment bond. (See 6 Am.Jur.2d, Attachment and Garnishment, § 635, pp. 1012-1013.) The Restatement of the Law of Security, section 198, expresses the view a surety should not be liable on its bond for punitive or exemplary damages.

The issue here may be resolved by statutory construction of the words all damages *sustained* by the attachee. The attachee does not sustain punitive or exemplary damages. Those are imposed on the attachor as punishment for his malice. We believe damages sustained by the attachee mean those suffered by him, his actual damages, to compensate him for the losses he has endured. By definition, punitive damages are in addition to actual damages (Civ. Code, § 3294). We hold an undertaking to secure those obligations set forth in Code of Civil Procedure, section 539 does not obligate a surety to pay punitive or exemplary damages imposed for malicious attachment.

The judgment is modified to reduce the judgment against defendant Agricultural Insurance Company to the sum of $637.14 together with costs in the sum of $51.20.

As modified the judgment is affirmed, each party to bear its own costs on appeal.

Coughlin, J., and Whelan, J., concurred.