Elijah DAWSON, Jr., Appellant,

v.

**RELIANCE INSURANCE COMPANY
et al., Appellees.**

No. 4550.

Court of Civil Appeals of Texas,
Eastland.

June 9, 1972.

Rehearing Denied July 14, 1972.

Bailey, Williams, Westfall & Henderson, David Westfall, Dallas, for appellant.

John D. Griggs, Dallas, for appellees.

WALTER, Justice.

Elijah Dawson, Jr. recovered a judgment against Mrs. Z. Anita McMillan and Louie J. McMillan for $900 actual damages and against Louie J. McMillan for $2,000 exemplary damages. The McMillans were principals on a surety bond executed by the Standard Accident Insurance Company and Reliance Insurance Company is its successor in interest. Dawson filed suit against Reliance to recover on the bond and recovered a judgment for $900 and he has appealed from such judgment because the court refused to award him a judgment for the $2,000 exemplary damages he recovered against Louie.

The parties agree that the question to be decided is whether the court erred in failing to award him exemplary damages under the bond. The parties stipulated that two real estate brokers or salesman's license bonds with Louie J. McMillan and Mrs. Z. Anita McMillan as principals were in effect with the insurance company, and the company did not participate in any action that the McMillans had with Dawson.

United States Fire Insurance Company v. McDaniel, 408 S.W.2d 134 (Tex.Civ.App.-Beaumont 1966, no writ hist.) passes upon the question involved in this case as follows:

"We find no valid distinction between the coverage under the bond in the present case and the sequestration and attachment bonds, as to exemplary damages. We do not think the words 'any judgment' were intended to define the coverage under the Real Estate Broker's bond, but were intended to designate the condition of liability. That is, that a judgment must first be obtained against the principal before the surety becomes liable. The words 'for damages or injuries caused by violation of this act' define the coverage. We find no more reason to hold a surety liable for exemplary damages under this bond than the sequestration and attachment bonds. We feel that we are compelled to follow the precedence set in those cases cited to us."

The appellant has presented no authority to support his point of error. His point is overruled.

The judgment is affirmed.