533 P.2d 559

Donald **HARPER** et al., Appellants,

v.

**HOME INSURANCE COMPANY**, a Foreign Corporation, Appellee.

No. 2 CA–CIV 1764.

Court of Appeals of Arizona, Division 2.

April 2, 1975.

Messing, Franklin & Feulner, P. C. by William Messing and George J. Feulner, Jr., Tucson, for appellants.

Jennings, Strouss & Salmon by Lee E. Esch, Phoenix, for appellee.

OPINION

HATHAWAY, Judge.

Appellants recovered a judgment in an action based on fraud against Parkwood Mobile Home Sales, Inc. in the aggregate sum of $1,100.00 actual damages and $6,000.00 punitive damages. Their efforts to collect from the judgment debtor were unsuccessful whereupon they instituted suit against appellee as surety upon Parkwood's Motor Vehicle Dealer's license bond. Cross motions for summary judgment were filed by appellants and appellee. Appellee admitted liability as to the compensatory damages and appellants' motion for summary judgment as to those amounts was granted. Appellee, however, prevailed as to its motion for summary judgment regarding its liability for punitive damages.

Appellee's maximum liability under the bond is $10,000 and therefore, if the amount of punitive damages is recoverable, the bond limit would not be exceeded.

The sole issue is whether appellee, as surety, is liable to pay that portion of the judgment recovered against its principal as punitive damages.

The bond executed by appellee is required by A.R.S. § 28–1305 which provides in subsection (B):

" . . . The bond shall inure to the benefit of *any person who suffers loss* by reason of any unlawful act of the licensee [motor vehicle dealer]." (Emphasis added)

The surety bond executed by appellee recited:

" . . . Said licensee will respond in damages *for any loss by a breach thereof,* and shall well, truly and faithfully pay . . . any and all money due to the State of Arizona from licensee and

to the benefit of *any person who shall suffer any loss* by reason of any unlawful act of the licensee . . . " (Emphasis added)

The question presented in this appeal is one of first impression in this state. Other jurisdictions which have considered the question have held that the surety is liable only for the payments of actual damages caused by the principal and is not liable for punitive damages in the absence of any statutory provision imposing such liability. E. g. Butler v. United Pacific Insurance Co., 265 Or. 443, 509 P.2d 1184 (1973); Guardianship of Estate of Smith v. Merchants Mutual Bonding Company, 211 Kan. 397, 507 P.2d 189 (1973); United States Fidelity & Guaranty Company v. State, 182 So.2d 919 (Miss.1966); Carter v. Agricultural Insurance Company, 266 Cal.App.2d 805, 72 Cal.Rptr. 462 (1968); Dawson v. Reliance Insurance Company, 482 S.W.2d 882 (Tex.Civ.App., 1972); Stumpf v. Pederson, 180 Okl. 408, 70 P.2d 101 (1937). Contra: State v. Hartford Accident & Indemnity Company, 44 Tenn.App. 405, 314 S.W.2d 161 (1958). The Restatement takes the view that the obligation of a surety on a bond furnished in judicial proceedings does not include punitive damages. Restatement, Security §§ 195, 198.

In Carter v. Agricultural Insurance Co., supra, the statutory obligation of the surety was to pay all damages *sustained* by the attachee. The court, in holding that punitive damages were not recoverable, stated:

" . . . The attachee does not sustain punitive or exemplary damages. Those are imposed on the attachor as punishment for his malice. We believe damages sustained by the attachee mean those suffered by him, his actual damages, to compensate him for the losses he has endured." 72 Cal.Rptr. at 464.

In Butler v. United Pacific Insurance Company, supra, the Supreme Court of Oregon was confronted with the question of whether an automobile dealer's surety was liable for the punitive damages assessed against the dealer. The statutory Oregon counterpart of our A.R.S. § 28–1305(B) provided:

"If any person suffers any loss or damage by reason of the fraud, fraudulent representation or violation of any of the provisions of this chapter by a licensed dealer, he has a right of action against such dealer and a right of action in his own name against the surety upon the bond." [O.R.S. 481.310(2)]

The judgment creditor took the position that his right of action against the surety was similar in dimension to that against the dealer, i. e., the surety was required to pay any damages awarded because of the fraud of the dealer. The Oregon court indicated that it could apply the same literal reasoning of the California court in *Carter*, and hold that the judgment creditor did not "suffer" punitive damages. In denying the punitive damages, however, it stated:

"We are of the opinion, however, that the better reasoning is that the statute is not clear whether the surety should be held for punitive damages. The purpose of punitive damages is to deter. Requiring the surety to pay a judgment for punitive damages likely will not be a deterrent to automobile dealers; therefore, no recovery for punitive damages should be allowed." 509 P.2d at 1187.

We believe the wording of our statute is clear and that the Legislature intended the surety to indemnify for the damages occasioned by any unlawful act of the licensee —that sum of money which would make the injured person whole. Although appellants argue that the language of the bond itself should be construed to include punitive damages, we find no clear expression of an intent to go beyond the terms of the statute and therefore disagree with appellants' position. See Badley v. Towle, 9 Ariz.App. 321, 451 P.2d 899 (1969).

Appellants rely upon the decision of the Arizona Supreme Court in Price v. Hartford Accident & Indemnity Company, 108 Ariz. 485, 502 P.2d 522 (1972), which held that the insurance company had a contractual obligation to pay both compensatory

**350**

and punitive damages. We cannot, even by analogy, apply the *Hartford* decision to the instant case. The insurance contract required the insurer to pay "all sums" for which the insured might become liable to pay as damages "arising out of the ownership, maintenance or use" of the automobile which gave rise to the lawsuit. The only question before the court was whether the public policy of this state made the insurance contract illegal insofar as it related to punitive damages—it answered this question in the negative. There was no question whatsoever as to whether the contractual language included punitive damages.

Since we are of the opinion that our statute does not require payment by the surety of punitive damages, we agree with the trial court in granting appellee's motion for summary judgment on the punitive damages issue.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.