[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq., 4-183, the plaintiff, Western Surety Company ("Western Surety"), appeals a final decision of the defendant, State of Connecticut Department of Motor Vehicles ("DMV"), issued on or about January 29, 1999, requiring the plaintiff to pay $4,439 to the State of Connecticut DMV for the benefit of David Caswell. The plaintiff, in that it is required to pay money as a result of such order, is aggrieved by such agency decision.
The plaintiff, on or about February 20, 1992, provided a bond #58495776 to the DMV for its principal, Peter W. Oddo, Sr. doing business as Pete's Auto Repair. David Caswell, a customer of Pete's Auto Repair, obtained ajudgment against Peter Oddo, Sr. doing business as Pete's Auto Repair in the amount of $4,439. The DMV decision was a determination that Western Surety, as surety on the bond for Oddo issued in connection with his used car dealer license, was obligated under its bond for the judgment against Oddo.
The judgment, entered in favor of Caswell by the Superior Court, judicial district of New London on October 7, 1998, was in the amount of $2,320 in damages, $1,000 in punitive damages, $875 in attorney's fees and $244 in costs for a total of $4,439.
The plaintiff does not dispute the $2,320 in damages and has CT Page 16141 in fact paid that amount to the DMV for the benefit of David Caswell. The plaintiff, however, disputes the obligation under the bond for the $1,000 in punitive damages, $875 in attorney's fees and $244 in costs.
General Statutes § 14-52 requires motor vehicle dealers to have a surety bond. Pursuant to § 14-52 (b)(4), "[e]ach such bond shall be conditioned upon the applicant or licensee complying with the provisions of any state or federal law or regulation relating to the conduct of such business and provided as indemnity for any loss sustained by any person by reason of any acts of the licensee constituting grounds for suspension or revocation of the license or such licensee going out of business. Such bond shall be executed in the name of the state of Connecticut for the benefit of any aggrieved party. . . ."
The issue presented by this appeal is whether "any loss" under § 14-52 (b)(4) includes the award of punitive damages, attorney's fees and costs.
The underlying complaint by Caswell against Oddo sought punitive damages and attorney's fees based upon Connecticut's Unfair Trade Practices Act, General Statutes § 42-110 (b) ("CUTPA"). (Return of Record ("ROR"), Item 4, State's Exhibit C.) In a hearing on the bond before the DMV, the plaintiff asserted its claim that, under the statute and bond, it was not liable for punitive damages, counsel fees and/or costs. The DMV hearing officer determined, as a matter of law, that the failure of the licensee to satisfy the court judgment in favor of Caswell constituted a "loss" by an aggrieved party within the meaning of § 14-52 (b)(4) of the General Statutes. (ROR, Item 6, Decision.)
Cases such as the instant one which present pure questions of law, invoke a broader standard of review than is ordinarily involved in deciding whether in light of the evidence, an administrative agency has acted unreasonably, arbitrary, illegally or in abuse of its discretion. See Fullerton v. Dept.of Revenue Services, 245 Conn. 601, 606 (1998). Where, as here, a state agency's determination of a question of law has not previously been subject to judicial scrutiny, the agency is not entitled to special deference. It is for the courts and not administrative agencies to expound and apply governing principles of law. Assn. of Not-for-Profit Providers for the Aging v. Dept.of Social Services, 244 Conn. 378, 389 (1998). CT Page 16142
A bond issued pursuant to a statutory mandate must be read in terms of that statutory mandate with respect to the surety's liability. See American Masons' Supply Co. v. F. W. Brown Co.,174 Conn. 219, 225 (1978). The dispositive issue in this case is whether the term "loss" in § 14-52 includes an awards of punitive damages, attorney's fees and/or costs.
Punitive damages serve to punish and deter wrongful conduct,Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co.,93 Conn. 208, 238 (1984), while compensating for litigation expenses less taxable costs. Berry v. Loiseau, 223 Conn. 786, 827 (1992). They are in no way compensable for an actual loss and are not measured in such fashion. Id., 832-33; Crowther v. Gerber GarmentTechnology, Inc., 8 Conn. App. 254, 268 (1986).
Attorney's fees, pursuant to the "American Rule," are not allowed to the successful party in litigation absent a contractual or statutory provision allowing for such award.Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240,247 (1975), Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652
(1987). Thus, under the general rule, attorney's fees are not a "loss" subject to compensation. In the underlying case, only the specific CUTPA provision authorized the award of attorney's fees. An analogous statute, § 49-8, provides that failure to release a mortgage requires the mortgagee to be liable for "an amount equal to the loss sustained by such aggrieved person. . . ." Koehm v.Kuhn, 41 Conn. Sup. 130 (1987), affd. 18 Conn. App. 313 (1989). The trial court concluded that the term "loss sustained" did not, as a matter of law, include the plaintiff's attorney's fees. The court specifically noted that the legislative use of the word "loss" did not evidence a finding of authorization to permit the recovery of attorney's fees. The legislature amended § 49-8 (c) in 1995 in response to the Koehm decision to allow for the recovery of "costs and reasonable attorney's fees." See Public Act 1995, No. 95-102.
In other surety provisions, the legislature has enacted statutes which specifically include the award of attorney's fees. General Statutes § 14-176 provides for the conditioning of the issuance of the certificate of title upon the posting of a surety bond by the party seeking the title. The bond is conditioned "to indemnify any prior offer . . . against any expense, loss or damage, including reasonable attorney's fees" as a result of the improper issuance of a certificate of title. It is a principal of statutory construction that the use of different words in the CT Page 16143 context of statutes dealing with the same subject area indicates a difference in legislative intent. Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 252 (1996), cert. denied, 117 S.Ct. 1106, 137 LE.2d 308 (1997).
The plaintiff cites other statutory provisions which provide for indemnification against loss with specific inclusions of legal fees and costs.[1]
The United States Court of Appeals for the Fourth Circuit construed a North Carolina statute which imposed a similar bond obligation on automobile dealers as precluding the recovery of attorney's fees, punitive damages and court costs. Ferris v.Haymore, 967 F.2d 946 (4th Cir. 1992). The Fourth Circuit relied on the construction of the North Carolina law by the North Carolina court in Tomlinson v. Camel City Motors, Inc.,408 S.E.2d 853 (N.C. 1991). In Ferris, the Fourth Circuit noted that: "Costs and attorney's fees are not damages, and whatever `loss' that these expenditures represented is not `suffered' as a direct result of the fraud committed by the surety's principal." Ferrisv. Haymore, supra, 954. Similarly, the court costs, punitive damages and attorney's fees are not experienced as a direct result of the fraud committed by the principal.
The plaintiff's construction of the statute is also consistent with the general rule that attorney's fees are not recoverable against a surety unless the language of the bond expressly provides that such fees are recoverable. RangerConstruction Co. v. Prince William County School Board,605 F.2d 1298, 1302 (4th Cir. 1979); Todd Shipyards Corp. v. JasperElectric Service Co., 414 F.2d 8, 18 (5th Cir. 1969).
A contrary result allowing the award of attorney's fees to the claimant against the dealer under a surety bond are found inEdmonds v. Western Surety Co., 962 P.2d 323 (Colo.App. 1998) andState ex rel. Webb v. Hartford Casualty Insurance Co.,956 S.W.2d 272 (Mo.App.W.D. 1997). The court would review the context of the Connecticut statute as opposed to other bonding statutes which impose attorney's fees and cost obligations as distinguishing the result in such cases.
The Arizona Appellate Court, in Harper v. Home Insurance Co.,533 P.2d 559 (1975), determined that a surety, under similar circumstances, is not liable for punitive damages awarded against the dealer. The Arizona Appellate Court recognized a strong CT Page 16144 majority view that punitive damages were not recoverable against a surety. See also United Pacific Insurance Co. v. Berryhill,620 So.2d 1077, 1079 (Fla.App. 5th Dist. 1993).
In the instant case, the surety plaintiff has paid the damages of Caswell in the amount of $2,320. The DMV erred, as a matter of law, in including the punitive damages, attorney's fees and costs in the calculation of "loss" under General Statutes §14-52. Accordingly, the appeal is sustained and the decision of the DMV is hereby ordered vacated.
Robert F. McWeeny, J.