GOODENOUGH v. McGREW.

1. **Intoxicating Liquors:** EXEMPLARY DAMAGES. In an action by the wife for damages for injury to her means of support by the sale of intoxicating liquors to the husband, it was error to instruct the jury that the husband's previous habit of becoming intoxicated should be considered in aggravation of damages, where it did not appear that the defendant was acquainted with such previous habit.

2. ——: ——: JURY. The allowance of exemplary damages rests within the discretion of the jury, and it is not within the province of the court to instruct that any fact entitles the plaintiff to such damages.

3. ——: ——: TORT. The recovery of exemplary damages, in actions of this character, is not limited to cases where the injury complained of is in the nature of a tort, but may be allowed when no breach of the peace has resulted from the alleged sale of the intoxicating liquors.

*Appeal from the Harrison Circuit Court.*

WEDNESDAY, DECEMBER 6.

THIS is an action for damages for injury to the person, property and means of support of plaintiff, because of the alleged sale of intoxicating liquors by defendant to Milton H. Goodenough, the plaintiff's husband. The answer was a general denial. There was trial by jury, verdict and judgment for plaintiff for $154, actual damages, and $900, exemplary damages, and defendant appeals.

*Clinton, Hart & Brewer,* for appellant.

*Hart & Cochran,* for appellee.

ROTHROCK, J.—I. The court, among other instructions to the jury, gave the following: "16. The fact that the plaintiff's husband was in the habit of becoming intoxicated, before the defendant sold him the intoxicating liquors complained of, is no defense to this action, *but should go in aggravation of exemplary damages.*" This instruction was erroneous. The bill of exceptions shows that there was no evidence that the defendant was acquainted with the husband's prior habits or occupation, at the

time he furnished him liquor as stated in plaintiff's petition. Whilst it is true the statute authorizes exemplary damages in actions of this character, yet this provision is not mandatory. As in all actions in which exemplary damages are allowed, the allowance thereof rests in the sound discretion of the

2. —: —: jury; they should not be instructed that any fact
jury. should go in aggravation of exemplary damages. Much less should this be done where there is no evidence that defendant knew the previous habits of plaintiff's husband. The previous habits of the husband should not be held to aggravate the damages if defendant was ignorant of such habits.

II. Defendant insists that the nineteenth instruction of the court makes it obligatory on the jury to allow exemplary damages, if they find the acts of the defendant partake of a criminal or wanton nature. As we read the instruction, it is not vulnerable to this objection. The fair construction of it, taken as a whole, is to leave the question discretionary with the jury.

III. Defendant requested the court to instruct the jury as follows: "* * * * You can only give exemplary dam-

3. —: —: ages in cases where the injury complained of, and
tort. from which the damage arose, was tortious in its nature; where the act of the intoxicated person, was such as to warrant the recovery of exemplary damages against *him*, as when his act was a breach of the peace, a willful, wanton injury. * * * * " This instruction was refused, and the ruling is assigned as error.

As the statute allows exemplary damages to be recovered, we do not think it should be so restricted in its operation as required by this instruction. There are many cases where exemplary damages should be allowed where there is no breach of the peace, and where such damages could not be recovered of the intoxicated person.

For the error in giving the sixteenth instruction the judgment must be reversed and cause remanded for a new trial.

REVERSED.