WEITZ v. EWEN.

1. **Evidence:** ADMISSION OF INCOMPETENT TESTIMONY. The admission of incompetent evidence, tending to prove a fact established by other evidence which was not objected to, constitutes error without prejudice.

2. **Intoxicating Liquors:** EXEMPLARY DAMAGES. In an action by the wife for damages for the sale of intoxicating liquors, a verdict for exemplary damages is sustained by evidence showing that defendant sold liquors to plaintiff's husband when he was intoxicated, and when he was known by defendant to be in the habit of becoming so.

*Appeal from Benton Circuit Court.*

SATURDAY, DECEMBER 7.

THIS is an action to recover damages for injuries to her person and means of support, which the plaintiff alleges that she has sustained from the sale of intoxicating liquors to her husband by the defendant. The plaintiff claims one thousand dollars actual and one thousand dollars exemplary damages. The answer is a general denial. There was a jury trial, and a verdict and judgment for plaintiff for four hundred dollars actual and six hundred dollars exemplary damages. The defendant appeals.

*Cooper & Tewksbury* and *J. D. Nichols*, for appellant.

*Johnson & Scrimgeour* and *Gilchrist & Haines*, for appellee.

DAY J.—I. The plaintiff testified, among other things, as follows: "I have had ten children, eight of whom are now living. Four of them are minors One is fifteen years of age, one is going on eleven, one is past seven, and the other going on five." The plaintiff was then asked this question: "What is the age of the next one?" Defendant objected on the ground that it is immaterial how many children there are, and what their ages are. The court held that while the plaintiff could not recover for loss of support on account of the children, yet that the number of her children might be taken into account in considering the question of exemplary damages, as the circumstances of a wrongful act may always be shown. To this ruling the defendant excepted. The witness answered: "Going on seventeen, I believe. So there are really five minors—three boys and two girls." This action of the court is assigned as error. In *Ward v. Thompson*, 48 Iowa, 588, the admission of evidence as to the children was sustained, but expressly upon the ground that defendant had been informed as to the chil-

1. EVIDENCE: admission of incompetent testimony.

dren, and that there was danger the family would be broken up, and that his selling afterward evinced wantonness. There was no proof in this case that defendant knew anything about plaintiff's children. It is probable that, under the circumstances of this case, evidence of the number and ages of plaintiff's children is immaterial. But the condition of the record is such that the admission of this evidence cannot avail to reverse the case. As appears from what is above stated, the material portion of this testimony was admitted without objection, and no motion was made to exclude it. In addition to this, David Weitz testified, without objection, as follows: "Am the husband of plaintiff. Have eight children now living; the youngest four years, and the oldest twenty-three years old." In view of the testimony which was admitted without objection, no substantial prejudice could have been wrought by the plaintiff giving the age of one of the children.

II. It is claimed by the appellant that the actual damages allowed are excessive. We think the evidence abundantly sustains the action of the jury in this respect. Indeed, we think the preponderance of the evidence would have justified the jury in finding higher actual damages than they have allowed.

III. Objection is made to the concluding part of the seventh instruction, which is as follows: "It is also proper for you to consider what the earnings of plaintiff's husband would have been since October 16, 1874, but for intoxication on his part, habitual or otherwise, during that period, to which defendant contributed, if you find such intoxication, and that defendant did contribute to it." The objection to this instruction is that there is no evidence of the value of the earnings of plaintiff's husband to which the instruction can apply. It is true there is no evidence of the value of the earnings of plaintiff's husband as a day laborer. The evidence shows that he was not a day laborer, but that he cultivated a small farm of forty acres, which he owned. Proof was introduced

of the value of the products which he produced upon the farm, and thus there was some evidence of the value of his earnings to which the instruction might apply.

IV.   It is urged that there is no foundation in the evidence for exemplary damages.   Considerable evidence was introduced

2. INTOXICA-TING liquors: exemplary damages.

tending to show that the defendant frequently sold to plaintiff's husband intoxicating drinks when he was in a state of intoxication, and that he continued to sell him liquors, knowing that he was in the habit of becoming intoxicated.   These circumstances authorize a verdict for exemplary damages, even if the unlawful sale of intoxicating liquors to plaintiff's husband, producing his intoxication, would not of itself do so—a point which is not in this case, and which we do not determine.

We discover no error in the record.

AFFIRMED.