# JUNE TERM, 1884.     187

Fox v. Wunderlich.

## Fox v. Wunderlich.

1. **Intoxicating Liquors:** WRONGFUL SALE TO HUSBAND: ACTION BY WIFE: EVIDENCE. Where a wife sues for damages on account of being deprived of her means of support through the sale to her husband of intoxicating liquors, evidence that she was supported by her own labor and by the county was material.

2. **Instructions:** SUBSTANCE OF NEED NOT BE REPEATED. It is not error to refuse to give an instruction asked, when the same idea is as clearly conveyed by an instruction given.

3. **Intoxicating Liquors:** WRONGFUL SALE TO HUSBAND: ACTION BY WIFE: EXEMPLARY DAMAGES. Under § 1557 of the Code, a wife who is injured in her means of support by the unlawful sale to her husband of intoxicating liquors, causing his intoxication, is entitled to recover, besides her actual damages, exemplary damages, the amount thereof, but not the right to recover, being left to the discretion of the jury, under proper instructions by the court.

4. ——: ——: ——: WHAT MUST BE PROVED. The doctrine of *Welch v. Jugenheimer*, 56 Iowa, 11, recognized, that there can be no recovery in such a case unless it be shown that the liquor sold either caused or contributed to the husband's intoxication.

5. **Verdict:** CONTRADICTION OF BY JUROR'S AFFIDAVIT: RULE STATED AND APPLIED. Where the ground upon which a juror has agreed to a verdict is a matter which essentially inheres in it, his affidavit cannot be received to explain or contradict it. *Wright v. I. & M. Tel. Co.*, 20 Iowa, 195, followed. And in this case an affidavit of a juror that he agreed to the verdict, not as his deliberate judgment, but because he felt it necessary to do so in order to reach an agreement, so that he might be at liberty to go to the bedside of a sick father, was properly stricken from the files.

*Appeal from Buchanan District Court.*

THURSDAY, JUNE 12.

ACTION for damages on account of the unlawful sale by defendant of intoxicating liquors to plaintiff's husband, which caused his intoxication, whereby she was injured in her means of support. There was a verdict and judgment for plaintiff, and defendant appeals.

Fox v. Wunderlich.

*Fouke & Lyon*, for appellant.

*S. P. Adams*, for appellee.

REED, J.—I.   It is alleged in the petition that the plaintiff's husband is a mechanic, capable of earning in his business from $2.50 to $3.50 per day, and that his earnings were plaintiff's only means of support; that during the two years preceding the institution of the suit his services were constantly in demand, and, when he was not under the influence of intoxicating liquors, he was constantly employed; but that during said period he was in the habit of becoming intoxicated, and, while so intoxicated, he neglected his business and wholly failed to provide means for plaintiff's support; and on one occasion, while so intoxicated, he wandered away from his home, and remained absent for a long period of time, during which he contributed nothing to her support, and that his intoxication, during said period, was caused by intoxicating liquors sold him by defendant.

*1. INTOXICA-TING liquors: wrongful sale to husband: action by wife: evidence.*

The answer is a general denial of these allegations.   On the trial plaintiff offered evidence tending to prove that, during the period mentioned in the petition, her husband was in the habit of becoming intoxicated, and that his intoxication was caused, in part at least, by intoxicating liquors, beer and whisky, sold him by defendant; and that, when so intoxicated, he neglected his business, and at one time abandoned his family for the period of about a month, during which time he contributed nothing to plaintiff's support.   When being examined as a witness in her own behalf, plaintiff testified that during the period of her husband's absence she supported herself in part by her own labor, and that she received some aid from the county.   Defendant moved the court to exclude this evidence from the jury, on the ground of incompetency and immateriality, but this motion was overruled.   Defendant also asked the court to instruct the jury that the plaintiff was

not entitled to recover damages for loss of social standing or for wounded feelings occasioned by her husband's habits of intoxication. But the court refused to give this instruction.

These rulings constitute the first ground of the assignment of errors argued by counsel. Their position is that plaintiff's right to recover is based on the loss of support from her husband, and it is immaterial from what source she derived her support during the period in question, if it did not come from him, and that the evidence should have been excluded for that reason. Or, if the evidence was competent for any purpose, as it showed that she had been placed in the humiliating position of being compelled to apply to the public for assistance, and as this offered her no ground of relief against the defendant, the instruction asked should have been given. We think, however, that the evidence was properly admitted.

One of the material facts which plaintiff was required to establish is that, during the period in question, she was not supported by her husband; and the evidence objected to tended to establish this fact by showing the sources from which her support came.

And while the instruction asked, as an abstract proposition, is correct, and might properly have been given, we think, defendant was not prejudiced by the refusal of the court to give it. The jury were told in the instructions given them by the court that plaintiff's claim for actual damages was for injury to her means of support, and that, unless she had established that she had been injured in her means of support by the wrongful acts of defendant complained of, she was not entitled to recover. The jury could not have misunderstood these instructions.

**2. INSTRUCTIONS: substance of need not be repeated.**

Having told the jury that plaintiff's right to recover actual damages depended on whether she had proved that by the wrongful acts of defendant she had been injured in her means of support, and that unless she had proved that fact their verdict should be for defendant, it was unnecessary for the court to tell them that she could not recover on account of other

matters which clearly did not pertain to her means of support. The idea that plaintiff could recover for wounded feelings or loss of social standing, because of her husband's habits of intoxication, is as clearly excluded by the instructions given as by the one asked by the defendant.

The district court gave the following instruction to the jury:

"5.   If from the evidence in this case you find that defendant sold plaintiff's husband intoxicating liquors, known as whisky, within the time stated in the petition, and that the same caused or contributed to his intoxication, habitual or otherwise, and that by reason thereof plaintiff was injured in her means of support, then the defendant would be liable for the actual damages sustained by plaintiff in her means of support, which was caused by such intoxication, and for exemplary damages as well."

3. INTOXICAT-ING liquors: unlawful sale to husband: action by wife : exemplary damages.

Defendant assigns the giving of this instruction as error. One ground of objection to the instruction urged in argument is that under it the jury were warranted in assessing exemplary damages against defendant, regardless of whether the act which occasioned the actual damages was done maliciously, or wantonly, or recklessly; appellant's position being that exemplary damages are recoverable only in cases where the wrongful act which causes the actual injury is prompted by a spirit of maliciousness, or is committed in wanton or reckless disregard of the rights of others.

It is true that damages of this character are ordinarily assessed against wrong doers by way of punishment for the negligent or evil disposition or motive which has prompted or characterized their conduct. In this class of cases, however, the assessment of damages is authorized by express statutory enactment. (Code, § 1557.)   This section occurs in the chapter of the Code which prohibits the sale as a beverage of all intoxicating liquors, except beer and wine.   The statute is penal, and it was doubtless the intention of the legislature,

when it enacted the provisions making the violators of the
law liable in damages to those who suffer injury in conse-
quence of their unlawful acts, and authorizing the assessment
of exemplary as well as actual damages in such cases, that
such damages should be assessed by way of punishment for
the criminal misconduct of which they are guilty.    And,
whatever may be the ground on which such damages are
ordinarily assessed, we think it clear that under this provision
they may be assessed in every case where there has been a
willful violation of the statute which has occasioned an injury
for which a right of action is given by the statute.

Another ground of objection urged against this and other
instructions given is, that under them plaintiff is entitled to

4. —: —:
—: what
must be
proved.
recover on proof simply of sales of intoxicating
liquors by defendant to her husband, and of injury
in consequence thereof.    It is claimed that the
instructions in this respect are not different from those disap-
proved in *Welch v. Jugenheimer*, 56 Iowa, 11.    Under the
instructions in that case, plaintiff was allowed to recover on
proof of the unlawful sale by defendant of intoxicating
liquors to her husband, and of injury to her means of support
in consequence thereof, and it is held that, under the statute,
(Code, § 1557), the intoxication of the husband caused by the
liquors sold him by defendant is an element of the right to
recover, and that the instructions were erroneous, because
this element was omitted from them.    But in this case this
is stated in all the instructions as an element of plaintiff's
cause of action.

III.    The district court gave the following instruction to
the jury: "Should you find that plaintiff is entitled to re-

SAME AS NO.
3, ante.
cover actual damages, she will be entitled to
exemplary damages as well.    In giving exemplary
damages you are not limited to actual compensation, but,
blending together the rights of the injured party and the in-
terests of the community, you may give such a verdict as will

compensate her for the injury, and at the same time inflict some punishment upon the defendant for his wrongful act."

Defendant assigns the giving of this instruction as error.

The objection urged in argument against the instruction is that it holds, in effect, that plaintiff, if she is entitled to recover, is entitled to exemplary damages as a matter of right, while the true rule, as defendant contends, is that the question whether exemplary damages shall be assessed in any case is left to the discretion of the jury.

The remedy which plaintiff seeks to enforce in this action, as we have seen, is created by section 1557, of the Code. That section provides that every person who shall be injured * * * * * in his means of support by the intoxication of another shall have a right of action against any person who shall, by selling intoxicating liquors, cause the intoxication of such person, "for all damages actually sustained, as well as exemplary damages."

It cannot be denied that the language of the section is quite as broad as that of the instruction, and, in the opinion of the majority of the court, its effect is to create, in favor of the person who has a cause of action under the section, a right to have exemplary damages assessed against the wrongdoer. The writer hereof does not concur in this view. In my opinion the intention of the legislature in enacting the provision in question was simply to provide that exemplary damages might be assessed in this class of cases, and that it was not intended to change the general rule with reference to exemplary damages, viz, that the question whether such damages shall be assessed at all, and, if assessed, the amount of such assessment, is left, under proper instructions by the court, to the discretion of the jury.

IV. One of the grounds of the motion for a new trial is that the verdict is not the deliberate judgment of the jury; that

5. VERDICT: contradiction of by juror's affidavit: rule stated and applied

it was communicated to one of the jurors during the deliberations of the jury, after the cause was submitted, that his father was dangerously sick,

and this communication had the effect to unfit the juror for deliberate action; that he was for finding a verdict for defendant, and held out as long as he thought he could remain away from his father, and then voluntarily agreed to the verdict, not as his deliberate judgment, but because he felt he could not longer remain away from his sick father. The motion was supported on this ground by the affidavit of the juror. The court on plaintiff's motion struck the affida-vit from the files, and this action of the court is assigned as error. We think it was clearly correct. The juror having assented to the verdict, he could not afterwards be heard to say that his judgment did not approve it. The ground on which he agreed to the verdict is a matter which essentially inheres in it, and his affidavit cannot be received to explain or contradict it. *Wright v. I. & M. Tel. Co.*, 20 Iowa, 195.

We reach the conclusion that the judgment of the district court must be

AFFIRMED.