## THILL v. POHLMAN *et al.*

1.   **Husband and Wife:** THE SUPPORT DUE FROM THE FORMER TO THE LATTER : INSTRUCTIONS.   In an action by a wife for damages caused by the intoxication of her husband, the following instructions in regard to the measure and quality of the support which a husband owes to his wife are approved :   "The law requires that a husband shall provide for his wife a reasonable support, *according to her rank and station in life;* and to this end she is entitled, with her husband and family, to share his property and the proceeds of his labor." * * * "It is not to be understood that a husband is only obligated to furnish a bare subsistence to his wife,—that is, food and clothing,—but, to the extent of his ability, he is under obligation to provide his wife those comforts and surroundings reasonable and necessary for home enjoyment *in the society in which she lives.*"   Appellants' objections were based on the thought expressed by the words in italics.

2.    **Appeal:** REVIEWING INSTRUCTIONS : EVIDENCE WANTING.    Instructions cannot be reviewed in this court when the evidence by which they must be judged is not contained in the abstract.

3.    **Intoxicating Liquors :** SALE TO HUSBAND : DAMAGES TO WIFE : EXEMPLARY DAMAGES.    When a wife is entitled to recover actual damages against a person for selling intoxicating liquors to her husband, whereby she is injured in her means of support, she is also, as matter of law, entitled to exemplary damages, under section 1557 of the Code. ( Compare *Fox v. Wunderlich,* 64 Iowa, 187.)

*Appeal from Allamakee District Court.*

FILED, JANUARY 23, 1889.

THE plaintiff is the wife of John Thill, and this action is to recover damages for his intoxication caused by defendants.    There was a trial to a jury, and a verdict and judgment for the plaintiff, and the defendants appeal.

*Dayton & Dayton* and *M. B. Hendrick,* for appellants.

*Stilwell & Stewart* and *L. E. Fellows,* for appellee.

GRANGER, J.—The only errors assigned are to the instructions given to the jury.    We notice the questions in the order presented in appellants' argument.

I.    Parts of the fifth and ninth instructions of the court are quoted and treated together by appellants in argument.    The quotations are as follows :

1. HUSBAND and wife : the support due from the former to the latter : instructions.

" (5) The law requires that a husband shall provide for his wife a reasonable support, according to her rank and station in society ; and to this end she is entitled, with her husband and family, to share his property, and the proceeds of his labor." " (9) It is not to be understood that a husband is only obligated to furnish a bare subsistence to his wife,—that is, food and clothing,—but to the extent of his ability he is under obligation to provide his wife those comforts and surroundings reasonable and necessary for home enjoyment in the society in which she lives ; and the husband who has the ability, and fails to do this, fails of a legal duty."    The criticism upon these instructions is, to quote the language of appellants :    " They fix the limitation of the husband,

not by his resources or ability, but by the rank or standing of his wife in society." As the two instructions are selected and placed together in aid of appellants' assignment, we may so consider them. In the ninth instruction we find that the court has, in express terms, limited the obligations of the husband to the extent of his ability. In the fifth instruction no such limitation is placed in terms, but as a proposition of law it can hardly be questioned. As a primary rule of law, we think it true that the obligations of a husband are as therein expressed.

Would the rule that a father is under obligation to maintain his children in infancy be disputed? If he could not maintain them in consequence of inability not the result of his own fault, the law might excuse him. It is not necessary, in the statement of propositions of law to a jury, to state exceptions to the rule, unless the nature of the case demands it. The record in this case discloses no necessity for such a statement. The ability of the husband for such a support when not intoxicated is not questioned. The court must frame his instructions to conform to the evidence, and not to imaginary cases. The language quoted by appellants from *Rafferty v. Buckman*, 46 Iowa, 201, is as follows: "It is the duty of the husband to furnish his wife with a support and maintenance, in a manner corresponding with their circumstances and condition in life." This instruction was approved. "Circumstances and condition in life" would certainly include their social standing. How could it be said that in fixing the obligations of a husband for the support of his wife her social position in society, which is the synonym of "rank" or "station," should not be considered? Such is the rule in awarding alimony, and in fixing the rights of a wife for a separate support, and such cases are for the enforcement of the obligations of the husband to the wife.

The fifth instruction, when read fairly, we think, does not express an obligation beyond the husband's ability. It is that the "husband shall provide for his

Thill v. Pohlman.

wife a reasonable support, according to her rank and station in society; and to that end she is entitled, with her husband and family, to share his property, and the proceeds of his labor." The instruction means no more than that the husband shall use his property and labor for the reasonable support of his family, having regard for their station in society. The terms "rank" and "station" seems to be of like import, in the connection in which they are used; but such a criticism would not go to the legal effect of the instruction. The case of *Porter v. Briggs*, 38 Iowa, 166, was one in which the question of the extent of the obligations of the husband for the support of the wife was directly involved, and the court used the following language: "The liability of the husband upon an implied undertaking to pay for necessaries supplied to the wife, is everywhere recognized. But what things or what services are within the rule is often a matter of dispute, as a question of fact. Whatever is suitable and proper for the wife, considering her station in life, is esteemed necessaries; and this is so whether the things supplied her be apparel, furniture or personal services of servants, mechanics, artists, physicians or others whom she may employ. The difficulty in applying the rule always arises in determining what her station in life demands as necessaries." "The rule is based upon the duty of the husband to support the wife—to supply her with such things as are deemed necessaries. It is not confined to the supply of things demanded for her sustenance, apparel and health, but extends to whatever is necessary for her happiness, comfort and enjoyment of life, considering the station she occupies as to wealth and fashion. Jewelry and the like, so far as they are demanded by the condition of society and the fortune of the husband, are within the rule." In view of this approved language, we cannot regard the instructions as erroneous.

II. The assignment brings in question the correctness of the eighth and thirteenth instructions given by

2. APPEAL: reviewing instructions: evidence wanting.

the court. They each call attention to testimony relative to the husband's becoming morose and quarrelsome, and of his having at one time left home on account of intoxication. The correctness of such instructions could only be determined by reference to the testimony. We cannot say that they would be inapplicable to any state of facts. The abstract does not contain the evidence, and hence the assignment cannot be considered.

III. The only remaining assignment is as to the eighteenth instruction. It is in words as follows: "(18)

3. INTOXICATING liquors: sale to husband: damages to wife: exemplary damages.

If you find the plaintiff entitled to actual damages under the law, it is your duty to add thereto an amount as exemplary damages. Usually these exemplary damages are discretionary with a jury; that is, the jury may allow them or not, as they think best. In this case, if actual damage is given, exemplary damage must be added; but of the amount to be given you are the judges, keeping in view the fact that they are given as a punishment for the wrong done, and as an example that may prevent others from doing a like wrong." The objection to the instruction is that it provides for exemplary damages as a matter of right, in case actual damage is found; the position of appellants being that the entire question of exemplary damage is one for the jury. That such is the general rule there can be no doubt. It is also true that for years the same rule prevailed in the nisi prius courts for the state. In the case of Goodenough v. McGrew, 44 Iowa, 670, which was a case of this character, the court below instructed the jury as follows: "The fact that the plaintiff's husband was in the habit of becoming intoxicated before the defendant sold him the intoxicating liquors complained of is no defense to this action, but should go in aggravation of exemplary damages." The only question in that case was what can be considered in aggravation of exemplary damages. The question in the case at bar was not before the court. In delivering the opinion, the court, without pretending to decide such a question, or having

in view the language of the statute, argumentatively gave the general rule as the rule in this class of cases. In the case of *Fox v. Wunderlich*, 64 Iowa, 187, the court below said to the jury: "Should you find that plaintiff is entitled to recover actual damages, she will be entitled to exemplary damages as well." After quoting the statute under which the action was brought, this court used the following language; "It cannot be denied that the language of the section is quite as broad as that of the instruction, and, in the opinion of a majority of the court, its effect is to create, in favor of the person who has a cause of action under the section, a right to have exemplary damages assessed against the wrong-doer." The precise question must have met with discussion at the hands of the court, for the opinion indicates that one of the judges failed to concur. That is the only case in which the question has been under consideration by the court, and we are content to announce it as authority for the instruction in the case at bar.                   AFFIRMED.