IDA CAMPBELL *vs.* HORACE G. HARMON, and another.

Androscoggin.    Opinion December 20, 1901.

*Civil Damage Act, R. S., c. 27, 49. Scienter of Owner. Exemplary Damages.*

Revised Statutes, c. 27, 49, gives a new cause of action where none before existed at common law, but makes no change in the rules governing the recovery of exemplary damages. It simply places this new class of wrongs, created and defined by the statute, upon the same footing and subject to the same rules as to damages as other actionable torts.

Where in an action under that statute the seller of intoxicating liquor and the owner of the building are joined as defendants, and a wilful and wanton violation of law in utter disregard of the consequences which may follow is shown on the part of both, the jury may, in the exercise of a sound discretion, award exemplary damages, not as a matter of right on the plaintiff's part, but as a protection to the public and an example to the wrong-doer.

Motion by defendants for new trial. Overruled.

Action on the case under R. S., c. 27, § 49, the civil damage act.

The defendants were owners in common of a building in Lisbon Falls. Plaintiff claimed that one of the defendants sold liquor to her husband, and that he, while intoxicated from drinking it, inflicted injuries upon her person, and for a long time failed to provide her

with means of support. Plaintiff claimed that the liquor was sold with the knowledge of the other defendant.

The plea was the general issue. There was a verdict for plaintiff for $500.

The case is stated in the opinion.

*R. W. Crockett* and *R. S. Springer*, for plaintiff.

*W. H. Newell* and *W. B. Skelton*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. This is an action under the civil damage act, R. S., c. 27, § 49, by the wife, who claims to have been injured in her person and means of support through the intoxication of the husband, caused by one of the defendants selling him intoxicating liquors, the other defendant being one of the owners of the building in which the liquor was sold. The case comes before the law court upon motion to set aside the verdict, which was for the plaintiff for five hundred dollars, on the ground that it is against evidence, and that the damages are excessive.

Upon the first ground it is sufficient to say that the evidence was conflicting as to whether the intoxication of the husband was caused by liquor sold to him by the defendant Horace Harmon. His liability was established if the jury believed the evidence of the plaintiff and her husband, and on examination of it we cannot say that they were not justified in so doing. There was also evidence from which the jury would be warranted in inferring that the other defendant, Reuben Harmon, knew that intoxicating liquor was sold in the building.

The defendants' principal contention is that the damages are excessive; that they are plainly more than compensatory; and that there are no such circumstances in this case as afford a ground for exemplary damages. The act of 1872, c. 6, § 4, now R. S., c. 27, § 49, gives a new cause of action where none existed before at common law, and expressly provides that in such actions both actual and exem-

plary damages may be recovered.    By this the legislature did not
intend to make any change in the rules governing the recovery of
exemplary damages.    It did not intend that such damages might be
recovered in all such actions, without regard to the circumstances
attending and accompanying the wrongful act of the defendant; but
simply to place this new class of wrongs, created and defined by the
statute, upon the same footing and subject to the same rules of dam-
ages as other actionable torts.    *Reid* v. *Terwilliger*, 116 N. Y. 530.

Applying this construction of the statute to the case at bar, we find
such circumstances of aggravation, showing a wilful and wanton
violation of the law by the defendants, without regard to the rights of
others or the consequences which might follow their illegal acts, as
would justify the jury, in the exercise of a sound discretion, in award-
ing exemplary damages.    The sales to the husband were unlawful.
It was not an isolated case.    The defendant, Horace Harmon, had
been engaged for many months in the business of selling intoxicating
liquors, in the same building, in violation of law and for pecuniary
gain.    He states that his sales in a single month might have aggre-
gated hundreds in number, and hundreds of dollars in amount.
Where the evidence shows such a wilful and wanton violation of the
law, such reckless and illegal acts and conduct, in utter disregard of
the consequences which may follow, punitive damages may be allowed,
for the benefit of the community and as an example to others.
*Kennedy* v. *Sullivan*, 136 Ill. 94, 36 Ill. App. 46 ; *Betting* v.
*Hobbett*, 142 Ill. 70 ; *Neu* v. *McKechnie*, 95 N. Y. 632, 47 Am.
Rep. 89.    True, such circumstances on the part of one defendant
would not warrant the assessment of punitive damages against the
other defendant, who is joined as owner of the building, unless the
proof connects the owner with these circumstances.    Here the defend-
ants were brothers.    They owned the building and premises together,
Reuben renting his interest to Horace for a monthly rent.    He lived
in the same village, and but a short distance from the premises where
the business was carried on.    He was repeatedly and frequently in
the shop.    From these circumstances the jury might well find that he
knew the nature of the business in which his brother was engaged,
and knowingly permitted the building to be used for that purpose.

Such a continued violation of law on his part would place his conduct in the same category with his brother's, and equally subject him to exemplary damages, not as a matter of right on the plaintiff's part, but, should the jury in the exercise of a sound discretion see fit to award them, as a protection to the public, and an example to the wrong-doer.

*Motion overruled.*