Vivian J. NELSON, Individually, and Kelly James Nelson, a Minor, by and through his Parent, Vivian J. Nelson, Appellants,

v.

RESTAURANTS OF IOWA, INC., d/b/a Sirloin & Brew, Appellee.

No. 69022.

Supreme Court of Iowa.

Oct. 19, 1983.

Robert R. Rush of Lynch, Dallas, Smith & Harman, Cedar Rapids, for appellants.

Gerry M. Rinden of Klockau, McCarthy, Ellison, Rinden & Hartsock, Rock Island, Ill., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal presents a single question: whether exemplary damages are recoverable under the Iowa dramshop act, section 123.92, Iowa Code (1981).

Plaintiff Vivian J. Nelson was injured in an automobile accident in Linn County on September 16, 1981. She subsequently initiated a lawsuit under section 123.92 of the Code asking actual and exemplary damages of defendant Restaurants of Iowa doing business as Sirloin & Brew. She alleged that just before the accident the driver of the car in which she was a passenger was served alcoholic beverages while intoxicated or to the point of intoxication at Sirloin & Brew. Defendant moved to strike the claim for exemplary damages, asserting that section 123.92 does not allow recovery of them. The district court sustained the motion, and we granted Nelson permission to appeal. The issue in the other claim in the case, by Kelly James Nelson, is identical.

For a number of years exemplary damages were recoverable under the Iowa dramshop act. *Wendelin v. Russell,* 259 Iowa 1152, 1162, 147 N.W.2d 188, 194 (1966); *Peterson v. Brackey,* 143 Iowa 75, 81, 119 N.W. 967, 969 (1909); *Fox v. Wunderlich,* 64 Iowa 187, 190–91, 20 N.W. 7, 9 (1884); *Gustafson v. Wind,* 62 Iowa 281, 284, 17 N.W. 523, 624 (1883); *Weitz v. Ewen,* 50 Iowa 34, 37 (1878). When those cases were decided, however, the act expressly provided for such damages. From 1862, when the act was first adopted, 1862 Iowa Acts ch. 47, § 2, until 1963, the pertinent part of the act read:

> Every [person] who shall be injured . . . by any intoxicated person . . . shall have a right of action [against the supplier of the intoxicants] . . . for all damages actually sustained, *as well as exemplary damages.*

Iowa Code § 1557 (1873), Iowa Code § 129.2 (1962) (emphasis added).

In 1963, however, the General Assembly enacted a new liquor control law containing a dramshop act which differed in several respects from the dramshop act then in effect. Among the differences was the absence of the words, "as well as exemplary damages", in the new act. The question presently before us is whether the General Assembly intended by this deletion to eliminate exemplary damages in cases under the dramshop act.

I. Common law did not allow a cause of action by a person injured by an intoxicated individual against the supplier of the liquor. *Wendelin v. Russell,* 259 Iowa 1152, 1158, 147 N.W.2d 188, 192 (1966); 45 Am.Jur.2d *Intoxicating Liquors* § 553 (1969); 48A C.J.S. *Intoxicating Liquors* § 428 (1981). The General Assembly in 1862 created such a cause of action in the act we have cited. Iowa has had a dramshop act, with amendments, to this day. The legislature has directed that in the construction of the act, the statute shall

> be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals and safety of the people of the state, and all of its provisions shall be liberally construed for the accomplishment of that purpose.

Iowa Code § 123.1 (1981).

■ On the other hand, the act is a creation of the legislature, and the courts cannot enlarge an act by construction beyond the fair meaning of its language. *Fitzer v. Bloom,* 253 N.W.2d 395, 402 (Minn.1977). *See Snyder v. Davenport,* 323 N.W.2d 225, 227 (Iowa 1982) ("when a statute gives a right and creates a liability unknown at common law, and at the same time points to a specific method by which that liability can be ascertained and the right assessed, this method must be strictly pursued"); *Browder v. International Fidelity Ins. Co.,* 413 Mich. 603, 616 n. 9, 321 N.W.2d 668, 675 n. 9 (1982) (dramshop act is remedial in nature and thus liberally construed, but court cannot read into it that which is not there); *Beck v. Groe,* 245 Minn. 28, 44, 70 N.W.2d 886, 897 (1955) (remedial nature of legislation does not justify construction which gives statutory language application and meaning not intended by the legislature), *rev'd on other grounds, Trail v. Christian,* 298 Minn. 101, 213 N.W.2d 618 (1973).

II. In determining legislative intent in the elimination of "as well as exemplary damages", we may examine the process of amendment that led to the final statutory language. *Snyder v. Davenport,* 323 N.W.2d at 227 (citing *State v. One Certain Conveyance,* 211 N.W.2d 297, 299 (Iowa 1973)). The amendment process demonstrates that the General Assembly gave considerable attention to this point.

In 1963, as part of the new liquor control law, the General Assembly enacted dramshop provisions patterned in some respects on the old ones, but did not repeal the old dramshop provisions. 1963 Iowa Acts ch. 114, § 29, as amended by 1963 Iowa Acts ch. 115, § 8 (codified at Iowa Code § 123.95 (1966)). The liquor control act was originally introduced as Senate File 437. Section 24 of that bill provided in pertinent part:

> Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person, shall have a right of action, severally or jointly *against any* person, firm or corporation who shall, by selling or giving beer or intoxicating liquor or beer under the provisions of this Act to such person, have caused the intoxication, in whole or in part of such person *for all damages actually sustained, as well as exemplary damages....*

(Emphasis added.) The bill was enacted containing that section 24.

Senate File 485 was then introduced. It would have stricken all of quoted section 24 of Senate File 437 after the words "against any" which we have emphasized and would have inserted in lieu thereof the following:

> licensee who shall sell or give any beer or intoxicating liquor to any such person while he is intoxicated, or serve any such person to a point where such person is intoxicated.

S.F. 485, 60th G.A. § 7 (Iowa 1963). Thus the language, "all damages actually sustained, as well as exemplary damages", would have been deleted, as well as other clauses.

Apparently the Senate then realized that Senate File 485 had left off the part relating to damages. But it did not reinsert the language pertaining to exemplary damages. Instead, it amended section 7 of Senate File 485 by adding only the words, "for all damages actually sustained." 1963 S.J. 1269.

Senate File 485 was enacted containing section 7 in that form as an amendment to section 29 [formerly 24] of Senate File 437. 1963 Iowa Acts ch. 115, § 8 (codified at Iowa Code § 123.95 (1966)). Section 123.95 of the 1966 Code then provided in pertinent part:

Every [person] who shall be injured ... by any intoxicated person ... shall have a right of action [against the supplier of the intoxicant] ... *for all damages actually sustained.*

(Emphasis added.)

But the statutory problem did not end at that point. The enactment of chapter 114 as amended by chapter 115 left Iowa with conflicting statutes because the old dramshop act found in section 129.2 of the Code of 1962 had not been repealed. That section included the words "as well as exemplary damages" while new section 123.95 did not. *See Wendelin v. Russell,* 259 Iowa 1152, 1161, 147 N.W.2d 188, 194 (1966). This conflict was resolved in 1971 when the legislature enacted another new "Liquor Control & Beer Act." 1971 Iowa Acts ch. 131. Section 152 of that act expressly repealed old chapters 123 and 129 of the 1966 Code, including conflicting sections 123.95 and 129.2. The dramshop provisions of the new act, 1971 Iowa Acts ch. 131, § 92 (codified at Iowa Code § 123.92 (1981)), retained the language of section 123.95 in regard to damages, allowing recovery for "all damages actually sustained." The several legislative procedures regarding damages from 1963 to 1971 make clear that the disappearance of "as well as exemplary damages" from the dramshop act was not mere inadvertence. At the time of the events involved in this case, the words "as well as exemplary damages" were not in the act.

■ III. When an amendment to a statute deletes certain words, a change in the law is presumed unless the remaining language amounts to the same thing. *In re O'Donnell's Estate,* 253 Iowa 607, 611–12, 113 N.W.2d 246, 248 (1962). *See also Mazzola v. City and County of San Francisco,* 112 Cal.App.3d 141, 152, 169 Cal.Rptr. 127, 134 (1980) (where amendment consists of a deletion of an express provision, substantial change in law presumably intended); *Lake Forest Community Ass'n v. County of Orange,* 86 Cal.App.3d 394, 403–04, 150 Cal. Rptr. 286, 290 (1978) (common sense dictates that legislature would not eliminate term "householder" and its definition from statute and yet intend that statute remain limited in application to the property of a "house-holder"); *Capella v. City of Gainesville,* 377 So.2d 658, 660 (Fla.1979) (court may not substitute its views of what the law should be); *People v. Youngbey,* 82 Ill.2d 556, 561, 45 Ill.Dec. 938, 942, 413 N.E.2d 416, 420 (1980) (defendant in criminal case could no longer waive presentence report after legislature deleted language from statute giving him right to do so); *Landers v. Pickering,* Ind.App., 427 N.E.2d 716, 718 (1981) (presumes legislature was cognizant of prior language and intended to change law by deletion); *Shawnee Township Fire Dep't No. 1 v. Morgan,* 221 Kan. 271, 278, 559 P.2d 1141, 1146–47 (1977) (deletion of term "ordinary negligence" signals a change in standard of care required of emergency vehicle drivers).

Plaintiffs Nelson argue that exemplary damages are encompassed by the present statutory language, but the presumption that a substantive change in the law was intended by deletion of words prevails here as an examination of the meaning of the words used makes clear.

■ The act now authorizes recovery of "all damages actually sustained." "Actual damages" are defined as those "flowing from injury in fact [and] are to be distinguished from damages which are nominal, exemplary or punitive." *Black's Law Dictionary* 33 (rev. 5th ed. 1979). "Actual" means to "exist in fact or reality"; "damage" means "loss or harm resulting from injury to person, property, or reputation"; "sustained" means to "suffer" or "undergo". *Webster's New Collegiate Dictionary* (Merriam 1981).

■ On the other hand, "exemplary" damages are those "award[ed] to the plaintiff over and above what will barely compensate him for his property loss....

[They are] intended to solace the plaintiff ... or else to punish the defendant ... or make an example of him...." *Black, supra,* at 352. *See also Brause v. Brause,* 190 Iowa 329, 342, 177 N.W. 65, 70 (1920)). "Punitive" damages, another name for exemplary damages, relate to punishment, and are by definition in addition to actual damages and beyond the equivalent of harm done. *Black, supra,* at 352.

The words "all damages sustained" were construed in *Carter v. Agricultural Ins. Co.,* 266 Cal.App.2d 805, 807, 72 Cal.Rptr. 462, 464 (1968). The court held that exemplary or punitive damages are not "sustained", but rather are imposed as punishment. Damages that are sustained are those suffered, the actual damages needed to compensate for a loss endured. *Id.* at 807, 72 Cal.Rptr. at 464. *See also Laznovsky v. Furdanowicz,* 22 Conn.Supp. 297, 300, 170 A.2d 734, 737 (1961) (just damages are merely compensatory and not exemplary or punitive).

Our own decisions, before the change in the statute, recognized a distinction between actual damages and exemplary damages under the dramshop act. *See Peterson v. Brackey,* 143 Iowa 75, 81, 119 N.W. 967, 969 (1909); *Miller v. Hammers,* 93 Iowa 746, 750–51, 61 N.W. 1087, 1088–89 (1895); *Thill v. Pohlman,* 76 Iowa 638, 642–43, 41 N.W. 385, 386 (1889).

IV. Legislative restrictions in dramshop cases are not unusual. States impose them in different ways. *See e.g.* Colo.Rev.Stat. § 13–21–103 (1973) (notice must be given dramshop not to serve individual who is habitual drunkard); Conn. Gen.Stat. § 30–102 (1975) (recovery limited to $20,000); Ga.Code § 105–1205 (Harrison Supp.1982) (only parents can recover for injuries resulting from sale of liquor to a minor); Ohio Rev.Code Ann. § 4399.01 (Baldwin 1982) (before dramshop can be liable imbiber must be included on state blacklist).

The Michigan court has stated that legislative elimination of exemplary damages signals legislative intent to preclude recovery of such damages. *Browder v. Interna-tional Fidelity Ins. Co.,* 413 Mich. 603, 615, 321 N.W.2d 668, 674 (1982) ("Originally, the act provided for exemplary damages ... but this apparently tilted the act too far in favor of the claimant, so the Legislature modified the act to provide only for actual damages."). *See also Manthei v. Heimerdinger,* 332 Ill.App. 335, 334, 75 N.E.2d 132, 136 (1947) ("The extent of the damages which the plaintiff can recover against the defendant is only such amount as would compensate him for the injuries he sustained. He cannot recover exemplary damages."). Cases in which exemplary damages have been allowed rest upon express statutory authority. *Hyba v. C.A. Horneman, Inc.,* 302 Ill.App. 143, 150, 23 N.E.2d 564, 567 (1939) (express statutory authority); *Jockers v. Borgman,* 29 Kan. 109, 115 (1883) (express statutory authority, since repealed); *Campbell v. Harmon,* 96 Me. 87, 88–89, 51 A. 801, 802 (1901) (express statutory authority); *Schaill v. Aetna Indemnity Co.,* 157 Mich. 310, 313, 122 N.W. 78, 79–80 (1909) (express statutory authority, since repealed); *Stein v. Rainey,* 315 Mo. 535, 547, 286 S.W. 53, 57 (1926) (express statutory authority, since repealed); *Playford v. Perich,* 2 Misc.2d 170, 172, 152 N.Y.S.2d 201, 203 (1956) (express statutory authority); *Iszler v. Jorda,* 80 N.W.2d 665, 667 (N.D. 1957) (express statutory authority); *Duckworth v. Stalnaker,* 68 W.Va. 197, 205, 69 S.E. 850, 853 (1910) (express statutory authority, since repealed); *Smithers v. Brunkhorst,* 178 Wis. 530, 534, 190 N.W. 349, 350–51 (1922) (express statutory authority).

We hold the district court ruled correctly that exemplary damages are not recoverable under the Iowa dramshop act.

AFFIRMED AND REMANDED.