# IN THE COURT OF APPEALS OF IOWA

No. 24-1133
Filed July 23, 2025

**VICTORIA ABRAHAMSON, HANA SCHROEDER, JODY SCHROEDER, TERRY SCHROEDER, SAMANTHA JOHNSON, BRE AHNA BOGGESS f/k/a BRE AHNA PAYNE, REBECCA BATES, TAWNI HANSON, DARBY JONES, HUNTER MINER, and the STATE OF IOWA, ex rel. VICTORIA ABRAHAMSON, HANA SCHROEDER, JODY SCHROEDER, TERRY SCHROEDER, SAMANTHA JOHNSON, BRE AHNA BOGGESS, REBECCA BATES, TAWNI HANSON, DARBY JONES and HUNTER MINER,**
    Plaintiffs-Appellees,

**vs.**

**BENJAMIN SCHEEVEL, Individually and in his Official Capacity as Officer for the Estherville Police Department, BRENT SHATTO, Individually and in his Official Capacity as Chief of the Estherville Police Department, CITY OF ESTHERVILLE, IOWA, ACADIA INSURANCE COMPANY and JOHN DOE,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Emmet County, Shayne Mayer, Judge.

On interlocutory review, defendants appeal the denial of a pre-answer motion to dismiss. **REVERSED AND REMANDED.**

Zachary D. Clausen (argued) and Douglas L. Phillips of Klass Law Firm, L.L.P., Sioux City, for appellants City of Estherville and Brent Shatto.

Sarah S. Hickman (argued) and Adam D. Zenor of Zenor Law Firm, P.L.C., Des Moines, and Keith M. Graham and Dan H. Ketcham of Engles, Ketcham, Olson, & Keith, P.C., Omaha, Nebraska, and L. Lars Hulsebus of Dickinson, Bradshaw, Fowler & Hagen, P.C., Des Moines, for appellant Benjamin Scheevel.

Jack Bjornstad (argued) of Jack Bjornstad Law Office, Spirit Lake, for appellees.

Heard at oral argument by Tabor, C.J., Schumacher, Chicchelly, Langholz, JJ., and Vogel, S.J.* Buller and Sandy, JJ. take no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CHICCHELLY, Judge.**

On interlocutory review, defendants-appellants appeal the denial of their pre-answer motion to dismiss. Because we find the court erred, we reverse and remand with instructions to dismiss.

## I. Background Facts and Proceedings.

While employed at Estherville Police Department from 2015 to 2019, it is alleged that Officer Benjamin Scheevel improperly searched the plaintiffs' information in law enforcement databases. He then used that information to harass the plaintiffs, with conduct ranging from demanding sexual favors to stalking the victims in their homes. It is further alleged that Scheevel's supervisor, Chief Brent Shatto, did not adequately investigate and discipline Scheevel for the unauthorized searches. In May 2019, Scheevel resigned from Estherville Police Department and was later charged with over forty criminal counts of unauthorized access to or dissemination of criminal history data.

In mid-2023, the plaintiffs filed suit against Scheevel, alleging count I, dissemination, and request and receipt, of criminal history of intelligence data; count II, invasion of privacy; count III, civil conspiracy; and count IV, judgment against the posted bonds.[1] Scheevel moved to dismiss, contending that the plaintiffs' claims are time-barred because the applicable statute of limitations is two years.[2] The plaintiffs in response argued that the claims are not time-barred

---

[1] Shatto, the City of Estherville, its insurance carrier, and a John Doe were also named in the suit. Because the defendants jointly appeal, for convenience, we refer to them collectively as "Scheevel" unless otherwise specified.

[2] Scheevel also argued that count IV was improper because it is a derivative claim. The district court agreed, finding that count IV was not a stand-alone cause of

because the date of injury occurred when the harm was discovered. The district court denied Scheevel's motion to dismiss, finding that the proper statute of limitations was five years for count I and applying the discovery rule for counts II and III. Scheevel applied for interlocutory appeal. The Iowa Supreme Court granted the application.

## II. Review.

We review district court "rulings on motions to dismiss for the correction of legal error." *Venckus v. City of Iowa City*, 930 N.W.2d 792, 798 (Iowa 2019).

## III. Discussion.

Scheevel contends that the district court erred when declining to dismiss the claims because the applicable statute of limitations under the Iowa Municipal Tort Claims Act (IMTCA) had passed. *See* Iowa Code § 670.5 (2019) (establishing a two-year statute of limitations for "damages [arising] from any municipality or any officer, employee or agent of a municipality"). "A defendant may raise the statute of limitations by a motion to dismiss if it is obvious from the uncontroverted facts contained in the petition that the applicable statute of limitations bars the plaintiff's claim for relief." *Venckus*, 930 N.W.2d at 809 (citation omitted). If the facts establish that the statute of limitations has expired as Scheevel contends, the court erred when it failed to dismiss the claims. *See id.* Scheevel's argument focuses on two grounds: (1) the court's application of a five-year statute of limitations to count I and (2) the court's application of the discovery rule for counts II and III. We address each argument in turn.

---

action. But neither party appeals this determination, so we do not address it further.

*A. The Proper Statute of Limitations for Dissemination of Criminal History Data.*

Scheevel first argues that the court erred by applying a five-year limitations period to count I asserting a claim under section 692.6. We agree. The court's selected provision is inapplicable. *See* Iowa Code § 614.1(4) (imposing a five-year limitations period for certain contractual and injury claims). The plaintiffs alleged an improper "dissemination of [a] person's criminal history data or intelligence data," which is a civil cause of action authorized by section 692.6. This provision states that:

> Any person may institute a civil action for damages under chapter 669 or 670 or to restrain the dissemination of the person's criminal history data or intelligence data in violation of this chapter. *Notwithstanding any provisions of chapter 669 or 670 to the contrary*, any person, agency, or governmental body proven to have disseminated or to have requested and received criminal history data or intelligence data in violation of this chapter shall be liable for actual damages and exemplary damages for each violation and shall be liable for court costs, expenses, and reasonable attorney fees incurred by the party bringing the action. In no case shall the award for damages be less than one hundred dollars.

Iowa Code § 692.6 (emphasis added).

We interpret the first sentence to require section 692.6 claims to be brought under chapters 669 or 670—the chapters governing tort claims against the state and municipalities. Because the defendants here are municipal actors and a municipality, chapter 670 applies. As for the second sentence, the district court interpreted the "notwithstanding" language as preventing any portion of chapter 670 from "defeat[ing] a claim under Iowa Code section 692.6 if the elements of the 692.6 claim are proven" and requiring the implementation of a limitations period outside of chapter 670. But if we apply the "notwithstanding *any*

provision of chapter 669 or 670 to the contrary" wording of section 692.6 to *any* portion of chapter 670, that leaves us with nothing from chapter 670. *See id.* (emphasis added). It would essentially strike the first sentence out of the statute. We do not find that is what the legislature intended, as it expressly directed the reader to section 670. *See Bridgestone Ams., Inc. v. Anderson*, 4 N.W.3d 676, 686 (Iowa 2024) ("[W]e must give meaning to every word in a statute. None should be ignored. None should needlessly be given an interpretation that causes it to have no consequence." (cleaned up)).

Rather, we think the best interpretation of the second sentence is that it only overrides a provision of chapter 670 that is contrary to the rest of that sentence—imposing liability for actual damages, exemplary damages, costs, expenses, and attorney fees. *See* Iowa Code § 692.6. For example, punitive damages are ordinarily not permitted under chapter 670. *See id.* § 670.4(1)(e). But the procedural rules governing claims under chapter 670, such as the statute of limitations at issue here, are not contrary to imposing liability generally and thus are not limited by the "notwithstanding language." Indeed, the statute of limitations fit neatly in the first sentence as a rule governing how one may "institute" an action under chapter 670. Iowa Code § 692.6.

In reaching such a conclusion, we consider the purpose of the IMTCA, which is to permit causes of actions against municipalities that were normally barred by governmental immunity principles, "but only in the manner and to the extent to which consent has been given by the legislature." *Rivera v. Woodward Res. Ctr.*, 830 N.W.2d 724, 727 (Iowa 2013) (citation omitted) (interpreting the legislative purpose of chapter 669). While the IMTCA waives sovereign immunity

for certain causes of action, it simultaneously places heavy procedural limits on obtaining relief, such as the two-year limitations period, *see* Iowa Code § 670.5, lack of discovery tolling, *see Venckus*, 930 N.W.2d at 807, and, in some cases, a "heightened pleading" standard, *see Doe v. W. Dubuque Cmty. Sch. Dist.*, 20 N.W.2d 798, 807 (Iowa 2025). "One of the practical consequences" of these limitations is that some cases will become time-barred before plaintiffs may even discover the injury. *See Venckus*, 930 N.W.2d at 808. We find that this is one such case. Despite the court's attempt to save such claims through a general limitations period, the IMTCA is exclusive, and we do not search outside the statute for provisions to bolster the limitations period. *See Rucker v. Humboldt Cmty. Sch. Dist.*, 737 N.W.2d 292, 293 (Iowa 2007) ("Iowa Code chapter 670 is the exclusive remedy for torts against municipalities and their employees."). Instead, we apply the two-year limitations period set out as part of the IMTCA.

### B. The Discovery Rule and the Date of Injury.

Scheevel then contends that the court erred in applying the discovery rule to save counts II and III from dismissal under the IMTCA's two-year statute of limitations and that count I likewise cannot be saved by applying the two-year limitations period. "The discovery rule is that a cause of action . . . does not accrue until plaintiff has in fact discovered his injury or by exercise of reasonable diligence should have discovered it." *Montgomery v. Polk Cnty.*, 278 N.W.2d 911, 915 (Iowa 1979). But the plaintiffs argue that they are *not* invoking the discovery rule; instead, they claim that the date of injury occurred when the plaintiffs *discovered* the intrusions, not when the searches were made. But this is exactly the discovery rule. *See id.* And the court agreed, expressly finding that "the discovery rule

applies" and "the date of injury is the date the Plaintiffs learned of the unlawful conduct of Defendants." But relying on *Montgomery*, the Iowa Supreme Court has "repeatedly held" that the discovery rule does not apply to IMTCA claims. *Venckus*, 930 N.W.2d at 807. And while the plaintiffs characterize the "injury" as the "distress from learning about their compromised information," which occurred years after the searches themselves, we disagree. The "injury" occurred when Scheevel violated section 692.6 and searched the plaintiffs' private information, which occurred, at the latest, in mid-2019 when Scheevel was still employed as a law enforcement officer with access to such information. *See Montgomery*, 278 N.W.2d at 913, 916 (finding the date of the defendant's "negligent performance" is the date of injury, not when the plaintiff discovered the injury later). Section 692.6 makes this clear because it provides for a minimum award of $100 damages in *any* case brought under the statute, regardless of any other injury caused by later learning of the improper access of private information. And since the tort claims also rest on violations of the statute as pleaded by the plaintiffs, we see no reason to apply a different standard of injury on those claims.

Because no discovery rule applies and the plaintiffs did not bring suit within two years from the date of injury, their claims are time-barred. We therefore find that the court erred when declining Scheevel's motion to dismiss. Accordingly, we reverse the court's findings and remand with instructions to dismiss counts I, II, and III.

*IV.    Disposition.*

Because the applicable statute of limitations has passed, the court erred when declining to dismiss the barred claims.

**REVERSED AND REMANDED.**

Schumacher J., Langholz, J., and Vogel, S.J., concur; Tabor, C.J., dissents.

**TABOR, Chief Judge, dissenting.**

I respectfully dissent. I would affirm the district court's interlocutory ruling. But I would take a different approach than the district court did in denying Scheevel's motion to dismiss.[3] For starters, I agree with my colleagues that the two-year limitations period in Iowa Code section 670.5 (2019) applies to all three counts in the petition brought by Scheevel's victims.

It's the interpretation of that statute where I part ways with the majority. Section 670.5 provides:

> Except as provided in section 614.8, a person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss, or injury within the scope of section 670.2 or section 670.8 or under common law shall commence an action therefor within two years after the alleged wrongful death, loss, or injury.

The question is whether the victims commenced their action within two years of their injury. In their petition, the victims allege their injuries as "mental and emotional harm and anguish, anxiety, fear, depression, loss of enjoyment of life, degradation, disgrace, uncertainty, apprehensiveness, grief, restlessness, dismay, tension, unease, and pain and suffering."

Yet the majority finds that Scheevel's misconduct itself—undetected by the victims—constituted the injury. The majority relies on *Montgomery v. Polk County*, where the supreme court refused to apply the discovery rule to an earlier version of this limitations statute. 278 N.W.2d 911, 916 (Iowa 1979). But contrary to the majority's view, the analysis in *Montgomery* supports the victims' position. In *Montgomery*, a county clerk repaid cash bail to the wrong person, but Montgomery

---

[3] Like the majority, this dissent will refer to the defendants collectively as Scheevel.

did not discover her injury until months later. *Id*. at 912. In discussing the untimeliness of her municipal tort suit, the court explained:

> The present case is to be distinguished from those in which negligence occurred at one time but the injury, the breach, did not occur until later. Montgomery does not claim that the injury did not occur when the clerk paid the money to Mr. Wright; on the contrary, she founds her case on negligence and claims January 18 is when the breach occurred.

*Id*. at 916. In that case, "[o]n her theory of negligent payment to the wrong person, she was hurt when that event occurred. The negligence and the injury were simultaneous." *Id*.

Not so here. Scheevel's unauthorized access or dissemination of criminal history data did not injure the victims before they became aware that he had wrongly accessed or disseminated their data. Unlike Montgomery's injury, their damage was not a financial loss from a municipal employee's negligence. Their damage was the emotional toll of realizing that their data had been compromised. *Montgomery* recognized that in some cases there exists a dichotomy between the wrongful act and the time of damage—for instance, where "negligence occurred at one time such as failure to label a bottle but the injury occurred later, as when the contents of the bottle were consumed. In such cases Discovery of the injury does not occur later; the Injury occurs later." *Id*. (internal citation omitted).

In other words, "the wrong or negligence of the party charged gives in itself no right of action to anyone." *Wolfswinkel v. Gesink,* 180 N.W.2d 452, 456 (Iowa 1970) (finding that until hoghouse burned, insured plaintiff was not injured by agent's representation that structure was insured). A cause of action does not arise until the injury occurs. *City of Ottumwa v. Nicholson*, 143 N.W. 439, 442

(Iowa 1913) ("The party may be ever so wrong in his conduct . . . , yet no cause of action arises in favor of a third person until [that person] is injured by the . . . wrongful act of the other."). The injury here was not Scheevel's improper use of the criminal history database; it was the impact that improper use had on the people whose data he accessed or disseminated.

So contrary to Scheevel's argument, the injury in this case was not his violations of chapter 692, undetected and standing alone. Nothing in section 692.6 signals that a civil remedy is only available if the person initiates an action within two years of the improper receipt or dissemination of the data. To the contrary, the statutory language provides for both actual and exemplary damages for each violation. Iowa Code § 692.6. For the actual damages, no liability could be shown until the victims suffered the emotional loss. *See Nelson v. Rests. of Iowa, Inc.*, 338 N.W.2d 881, 884 (Iowa 1983) (defining actual damage as the loss or harm resulting from an injury to the person, property or reputation). And as for exemplary damages, those are intended to punish or make an example of the defendant. *Id.* at 884–85. By enacting section 692.6, the legislature intended to allow people injured by municipal employees like Scheevel to recover damages while making an example of their bad acts. But under the majority's reversal, Scheevel's victims are foreclosed from doing so because his meddling within the government-controlled databases was hidden from them.

As for common law invasion of privacy, that tort "protects against acts that interfere with a person's mental well-being by intentionally exposing the person in an area cloaked with privacy." *Koeppel v. Speirs*, 808 N.W.2d 177, 184 (Iowa 2011). "[T]he act of intrusion is complete once it is discovered by the plaintiff . . . ."

*Id.* at 185. This is not an application of the discovery rule; it is the completion of the elements necessary to prove the invasion-of-privacy tort.[4] Scheevel's actions did not interfere with the mental well-being of his victims until they knew about the intrusion. So the tort occurred when the victims learned of Scheevel's misconduct. *See id.* ("It is axiomatic that there can be no tort if there is no injury.").

Because the discovery rule is not implicated, the majority's reliance on *Venckus* is misplaced. It's true that our supreme court has "repeatedly held" that the discovery rule doesn't apply under the Iowa Municipal Tort Claims Act (IMTCA). *Venckus v. City of Iowa City*, 930 N.W.2d 792, 807 (Iowa 2019) (collecting cases). But *Montgomery* and its progeny do not control the outcome here. Those cases find that the IMTCA did not incorporate a common law discovery rule "based upon the absence of language like 'accrue' or 'accrual' in [that statute] to suggest that something other than the date of injury might be the starting point for the statute of limitations." *Doe v. New London Cmty. Sch. Dist.*, 848 N.W.2d 347, 354 (Iowa 2014). But accrual—in that sense—is not at play. For Scheevel's victims, the date of injury is the date of discovery. Before that, the cause of action was incomplete.

The instant scenario differs from *Doe*. There, a former high school student knew that her track coach engaged in improper sexual activity with her. *Id.* at 349. But Doe did not discover "a causal link between the sexual abuse she endured as an adolescent . . . and the emotional problems she had been experiencing for many years." *Id.* If the discovery rule had applied, her cause of action would have

---

[4] As the district court found, the civil-conspiracy count survives for the same reason that the invasion-of-privacy count may proceed.

"accrued" when she knew or in the exercise of reasonable care should have known *both the fact of injury and its cause*. *See Kestel v. Kurzak*, 803 N.W.2d 870, 875 (Iowa Ct. App. 2011). By contrast, Scheevel's victims did not know the fact of injury when Scheevel resigned from his job with the Estherville police force. It was not a matter of discovering the cause of their distress. As soon as they discovered that their information had been compromised, they experienced distress. And they sued within two years of that injury.

Scheevel's victims should not be barred from pursuing claims when their injuries arose within two years of filing their petition. *See Stogdill v. City of Windsor Heights*, 991 N.W.2d 719, 730 (Iowa 2023). They "undoubtedly suffered" injuries when they were informed that Scheevel had improperly accessed their criminal history data. *See id*. For these reasons, I would affirm and remand for further proceedings.